UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CYNTHIA MCGRATH, Individually and as Administratrix ad Prosequendum of the Estate of MEGAN WRIGHT, | : | CIVIL CASE NO.: 07-CV-11279 |
| | : | |
| Plaintiff, | : | |
| -against- | : | |
| DOMINICAN COLLEGE OF BLAUVELT, NEW YORK, SISTER MARY EILEEN O'BRIEN, Individually and as President of Dominican College, JOHN LENNON, Individually and as Director of Security of Dominican College, JOHN PRESCOTT, Individually and as Dean of Students of Dominican College, CARLYSLE HICKS, Individually and as Director of Resident Life of Dominican College, RICHARD FEGINS, JR., KENNETH A. THORNE, JR., ISAIAH LYNCH, and TERRELL E. HILL, | : : : : : : : | **NOTICE OF MOTION TO DISMISS** |
| Defendants. | : | |

**PLEASE TAKE NOTICE** that, upon the accompanying memorandum of law, dated January 29, 2008, defendants Dominican College, Sister Mary Eileen O'Brien, John Lennon, John Prescott and Carlyle Hicks will make a motion, before the Honorable Stephen C. Robinson, United States District Judge, the United States Courthouse, 300 Quarropas Street, Room 633, White Plains, NY 10601, for an order, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), dismissing the first, fifth, sixth and seventh causes of action in the Complaint, and granting such other and further relief as the Court deems just and proper.

NOTICE OF MOTION TO DISMISS
MCGRATH V. DOMINICAN COLLEGE, 07-CV-11279
PAGE 2 OF 2

Dated: New York, New York
       January 29, 2008

                                         BIEDERMANN, REIF, HOENIG & RUFF, P.C.

                                         Peter W. Beadle (PB 5045)
                                         pbeadle@brhr.com

                                         *Attorneys for Dominican College of*
                                         *Blauvelt, New York, Sister Mary Eileen*
                                         *O'Brien, John Lennon, John Prescott, and*
                                         *Carlysle Hicks*
                                         570 Lexington Avenue, 16th Floor
                                         New York, New York 10022
                                         www.brhr.com
                                         (212) 697-6555

TO:    Andrew L. Morrison (AM-1071)
        Sarah P. Kenney (SK-5642)
        Kirkpatrick & Lockhart
        Preston Gates Ellis LLP
        599 Lexington Avenue
        New York, New York 10022
        (212)-536-3900

        *Attorneys for Plaintiff*

UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

CYNTHIA MCGRATH, Individually and as          :
Administratrix ad Prosequendum of the Estate of          **CIVIL CASE NO.: 07-CV-11279**
MEGAN WRIGHT,                                 :

                    Plaintiff,          :

    -against-                                :

DOMINICAN COLLEGE OF BLAUVELT, NEW   :
YORK, SISTER MARY EILEEN O'BRIEN,
Individually and as President of Dominican College,:
JOHN LENNON, Individually and as Director of
Security of Dominican College, JOHN PRESCOTT,:
Individually and as Dean of Students of Dominican
College, CARLYSLE HICKS, Individually and as   :
Director of Resident Life of Dominican College,
RICHARD FEGINS, JR., KENNETH A. THORNE,:
JR., ISAIAH LYNCH, and TERRELL E. HILL,

                  Defendants.          :

_____:


MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' DOMINICAN COLLEGE OF
BLAUVELT, NEW YORK, SISTER MARY EILEEN O'BRIEN, JOHN LENNON, JOHN
PRESCOTT, and CARLYSLE HICKS' MOTION FOR PARTIAL DISMISSAL OF THE
COMPLAINT PURSUANT TO FRCP 9(b) and 12(B)(6)


                         **BIEDERMANN, REIF, HOENIG & RUFF, P.C.**
                         *Attorneys for Dominican College of*
                         *Blauvelt, New York, Sister Mary Eileen*
                         *O'Brien, John Lennon, John Prescott, and*
                         *Carlysle Hicks*
                         570 Lexington Avenue, 16th Floor
                         New York, New York 10022
                         www.brhr.com
                         (212) 697-6555

# TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.     Plaintiff fails to state a cause of action under "Title IX" for which relief can be
       granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
       A.     Plaintiff has failed to demonstrate Dominican College was
              deliberately indifferent to known acts of sexual assault . . . . . . . . 2
       B.     Plaintiff is not entitled to money damages as a consequence of
              Dominican College's inadequate policies and procedures.

              . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.    Plaintiff's Fifth Cause of Action  fails to state a claim for intentional infliction of
       emotional distress for which relief can be granted

              . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III.   Plaintiff's Sixth Cause of Action fails to state a claim for fraud for which relief
       can be granted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
       A.     The Complaint alleges facts which actually refute the allegation of fraud. 9
       B.     The alleged Clery Act deficiencies do not provide a basis for a fraud cause
              of action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
              1.     The Clery Act does not provide plaintiff with a private right of
                     action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
              2.     Dominican College was not in violation of Clery Act reporting
                     requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
       C.     Plaintiff fails to state a claim for fraudulent inducement . . . . . . . . . . . 12

IV.    Plaintiff's Seventh Cause of Action fails to state a claim under 42 USC §1983 for
       which relief can be granted  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
       A.     Dominican College was not a "state actor" for purposes of a claim
              under 42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
       B.     A federally secured "right" of Megan Wright's was not violated
              . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## CASES

Aurelia Davis v. Monroe County Board of Education, 526 U.S. 629 (1999) . . . . . . . . . . . . . 2, 3

Belanoff v. Grayson, 98 A.D.2d 353, 355, 471 N.Y.S.2d 91 . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Blum v. Yaretsky, 457 U.S. 991, 102 S.Ct. 2777 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Century 21, Inc. v. F.W. Woolworth Co., 181 A.D.2d 620, 620 (1st Dept 1992) . . . . . . . . . . . 12

Devaney v. Chester, 709 F.Supp. 1255, 1260 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . 9

Doe v. D'Agostino, 367 F.Supp.2d 157, 166 (D.Mass.2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Doe v. Sch. Admin. Dist. No. 19, 66 F.Supp.2d 57, 63 (D.Me.1999) . . . . . . . . . . . . . . . . . . . . 3

Fischer v. Maloney, 43 N.Y.2d 557 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Frechofer v. Hearst Corp., 65 N.Y.2d 135, 143 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Gebser v. Lago Vista School District, 524 U.S. 274 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 2-5

Gonzaga University v. Doe, 536 U.S. 273, 279 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Howell v. New York Post Co., Inc., 81 N.Y.2d 115, 121 (1993) . . . . . . . . . . . . . . . . . . . . . . . . 6

Hunter ex rel. Hunter v. Barnstable School Committee, 456 F.Supp.2d 255, 262 (D.Mass.,2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Leibowitz v. Bank Leumi Trust Co. of New York, 152 A.D.2d 169, 548 N.Y.S.2d 513 (2nd Dept., 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Lerner v. Fleet Bank N.A., 459 F.3d 273, 290 (2nd Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Lincoln First Bank of Rochester v. Barstro & Assoc. Contr., 49 A.D.2d 1025, 374 N.Y.S.2d 485 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744 (1982) . . . . . . . . . . . . . . . 14

McFarland v. Memorex Corp., 493 F.Supp. 631, 636-37 (N.D. Cal. 1980) . . . . . . . . . . . . . . . 9

McGovern v. Nassau County Dept. of Social Services, 16 Misc.3d 1114(A), 2007 WL 2127348 (Nassau Sup. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc. 256 A.D.2d 269, 270, 682 N.Y.S.2d 167 (1st Dept.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Nestlerode v. Federal Ins. Co., 66 A.D.2d 504, 507, 414 N.Y.S.2d 398 . . . . . . . . . . . . . . . 6

Oden v. N. Marianas Coll., 440 F.3d 1085, 1089 (9th Cir.2006) . . . . . . . . . . . . . . . . . . . . 4

Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S.Ct. 2764 (1982) . . . . . . . . . . . . . . . . . 13

Spence v. Maryland Casualty Co., 803 F.Supp. 649 (W.D.N.Y.1992) . . . . . . . . . . . . . . . . 7

Treeline Inv. Partners, LP v. Koren, Slip Copy, 2007 WL 1933860 (S.D.N.Y. 2007) . . . . . . . . 9

United States ex rel. Barmak v. Sutter Corp., No. 95 Civ. 7637(KTD), 2003 WL 21436213, at *4 (S.D.N.Y., 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Vione v. Tewell, 12 Misc.3d 973, 820 N.Y.S.2d 682, 2006 Slip Op. 26210 at 687 (N.Y.Sup., 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Wills v. Brown Univ., 184 F.3d 20, 26 (1st Cir.,1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3


## FEDERAL RULES

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 15

Federal Rule of Civil Procedure 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8-11, 13, 15


## FEDERAL STATUTES

**42 USC §1983** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act, 20 U.S.C.§1092 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-12, 14, 15

Title IX, 20 U.S.C. §§ 1681–1688 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6

PRELIMINARY STATEMENT

This action seeks damages for negligence, wrongful death, breach of contract, premises liability, intentional infliction of emotional distress, fraud, violation of Title IX, the Cleary Act and 42 USC §1983[1], arising out of an incident on May 7, 2006, during which the decedent, Megan Wright, allegedly was sexually assaulted inside a dormitory room on the campus of defendant Dominican College in Rockland County, New York.  She did not return to Dominican College the following semester; and she subsequently took her own life approximately seven months later.

For the reasons detailed below, defendants Dominican College, Sister Mary Eileen O'Brien, John Lennon, John Prescott and Carlyle Hicks (hereinafter referred to collectively as Dominican College") now move to dismiss plaintiff's Title IX, 42 USC §1983, fraud, and intentional infliction of emotional distress claims, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

ARGUMENT

## I.     Plaintiff fails to state a cause of action under "Title IX" for which relief can be granted

In pleading a cause of action under Title IX (See, 20 U.S.C. §§ 1681–1688), the First Cause of Action of the Complaint intermingles two distinct scenarios for liability: 1) that Dominican College failed to prevent the alleged sexual assault on Megan Wright by showing a deliberate indifference to alleged prior sexual assaults; and, 2) that Dominican College failed to implement

---

[1] Plaintiff alleges that this Court has jurisdiction over this negligence action on the basis of Federal Subject Matter Jurisdiction based on the Title IX and "§1983" causes of action sought to be dismissed herein.  Should these causes of action be dismissed, only the negligence, wrongful death, premises liability and breach of contract causes of action would remain as against the Dominican College defendants.

policies and procedures related to the handling of reports of sexual assault as required by Title IX.

The complaint fails to sufficiently plead a viable cause of action under either scenario.

### A.    Plaintiff has failed to demonstrate Dominican College was deliberately indifferent to known acts of sexual assault

Although the Supreme Court has recognized that an implied private right of action may exist

under Title IX, it has also held that private damages actions are available only where recipients of

federal funding had adequate notice that they could be liable for the conduct at issue. *See*, <u>Aurelia</u>

<u>Davis v. Monroe County Board of Education</u>, 526 U.S. 629 (1999). Title IX places the burden on

the plaintiff in a private right of action claim against a school to prove that: (1) the student was

subjected to harassment severe enough to compromise the victim's educational opportunities; (2) the

recipient of the federal funds had actual knowledge of the harassment; and (3) the recipient exhibited

deliberate indifference to the harassment. <u>Wills v. Brown Univ.</u>, 184 F.3d 20, 26 (1st Cir.,1999); see

<u>Davis</u>, *supra* at 643-45; <u>Hunter ex rel. Hunter v. Barnstable School Committee</u>, 456 F.Supp.2d 255,

262 (D.Mass.,2006); *See also*, <u>Gebser v. Lago Vista School District</u>, 524 U.S. 274 (1998).

In <u>Gebser</u> the Supreme Court held that a student's claim for money damages based on sexual

harassment by a teacher could arise under Title IX, but only if (1) "an official who at a minimum has

authority to address the alleged discrimination and to institute corrective measures on the [funding]

recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails

adequately to respond," and (2) the inadequate response "amount[s] to deliberate indifference to

discrimination." 524 U.S. at 290. The Court rejected two alternative bases of liability advanced by

the plaintiffs. First, it rejected a respondeat-superior claim predicated on the notion that the authority

conveyed to the teacher by the school district facilitated the harassment. *See id.* at 282. Second, it

2

rejected the notion that the district could be liable based on constructive notice—that is, that the district "'should have known' about harassment but failed to uncover and eliminate it." *Id.*

The actual notice requirement emerges from the contract theory of liability associated with Title IX. It is equitable to impose monetary damages on a school only where it has notice of the potential liability. *See* Gebser, 524 U.S. at 287, 118 S.Ct. 1989. Generalized complaints by parents will not satisfy this standard. *See*, Doe v. D'Agostino, 367 F.Supp.2d 157, 166 (D.Mass.2005) (Tauro, J.); *see also*, Doe v. Sch. Admin. Dist. No. 19, 66 F.Supp.2d 57, 63 (D.Me.1999) ("[I]t is clear that actual notice requires more than a simple report of inappropriate conduct by a teacher.") Notice will, however, satisfy the standard if it is sufficient to alert the school authorities to a probable case of sexual harassment. Hunter, *supra* at 265. *See also*, Gebser, 524 U.S. at 291.

Even with actual knowledge of cognizable peer-on-peer harassment, a school will not be liable for monetary damages unless it acted with "deliberate indifference" to the sexual harassment. Davis, 526 U.S. at 648, 119 S.Ct. 1661. The "deliberate indifference" standard requires this Court to determine whether a reasonable fact-finder could conclude that Barnstable's response was "clearly unreasonable in light of the known circumstances." *Id.* This standard attaches liability in situations where the school intentionally acts in violation of Title IX requirements either through grossly inadequate action or no action at all, and through which this tepid or nonexistent response effectively causes the student to encounter discrimination. *See id.* at 642-43, 119 S.Ct. 1661. If the school acts in a timely and reasonable manner to end the harassment, it will not be liable under Title IX. Wills, 184 F.3d at 26. The underlying purpose of this stringent standard is to prevent the diversion and expenditure of public educational funds through imputation of wrongdoing and to impose liability only where the school had an opportunity to take action to end or limit the sexual harassment and

3

failed to do so. <u>Gebser</u>, *supra* at 289. As a result, this standard is often interpreted strictly to require "an official decision ... not to remedy the violation." *Id.* at 290; *see also* <u>Oden v. N. Marianas Coll.</u>, 440 F.3d 1085, 1089 (9th Cir.2006) (holding that to surmount the deliberate indifference standard an educational institution need only avoid a deliberate attempt to sabotage the plaintiff's complaint or its orderly resolution).

Accepting, for purposes of this motion only, the allegations in the complaint as true, plaintiff nevertheless fails to state a claim that Dominican College had adequate notice that it could be liable for an assault on Megan Wright. The complaint speaks in very broad generalities, so broad that plaintiff has failed to plead an adequate cause of action.

The complaint alleges that Dominican knew of sexual assaults on <u>other</u> female students on campus, but it does not allege any connection between those assaults and the circumstances present in the Megan Wright case. For instance, plaintiff does not allege that the attackers were the same in each alleged case and were known to the school to be dangerous <u>prior</u> to the alleged assault on Megan Wright. Further, the complaint does not allege that the circumstances of each prior alleged sexual assault was the same. Knowledge merely of a prior sexual assault on campus, is not knowledge or notice that Megan Wright was, or would become, the victim of a sexual assault or that such an assault was a consequence of the failure of a specific aspect of the school's programming to provide for the equal treatment of its students.

The complaint does not establish that Megan Wright's attackers were previously known to have committed sexual assaults on campus or that school officials had shown a deliberate indifference to the presence of those persons on campus and failed to meet its duty to act. Further, the complaint does not establish that Dominican College had some sort of control over the alleged

4

harassment when, or before, it happened. Plaintiff effectively argues that the College should have known that Megan could become a victim of sexual assault in the dormitory but failed to prevent the assault; the very type of "constructive notice" theory of liability rejected by the United States Supreme Court in <u>Gebser</u>.

Dominican College cannot be directly liable for any alleged indifference where it lacks the authority to take remedial action. Since nothing in the complaint establishes or even alleges that Dominican College knew that the decedent's alleged assailants posed a danger to the decedent and other students, then plaintiff cannot show that Dominican College acted in a deliberately indifferent manner. Consequently, plaintiff is not entitled to money damages.

**B.     Plaintiff is not entitled to money damages as a consequence of Dominican College's inadequate policies and procedures.**

Plaintiff's second theory for relief pursuant to Title IX is likewise easily disposed of in accordance with the holdings of the Supreme Court in <u>Gebser</u>. Plaintiff contends that even though the harassment did not continue, Dominican College's policies and procedures for dealing with the aftermath of the assault and assisting Megan Wright in filing a complaint and conducting an investigation were somehow inadequate[2]. The Supreme Court, however, specifically held that a school's failure to comply with the regulations of the Department of Education and promulgate and follow grievance and other procedures does not itself constitute "discrimination," nor does such a failure constitute the requisite actual notice and deliberate indifference required to sustain a private right of action under Title IX. <u>Gebser</u>, *supra* at 291-292 ("We have never held, however, that the

---

[2]  It should be noted that based on the allegations contained in the complaint, Megan Wright was not subjected to any further sexual assault or harassment after the alleged assault on May 7, 2006.

5

implied private right of action under Title IX allows recovery in damages for violation of those sorts

of administrative requirements"). Accordingly, plaintiff has no right to recover damages for the

alleged violations of Title IX's administrative requirements, and, as such, there exists no viable cause

of action here.

II.     **Plaintiff's Fifth Cause of Action fails to state a claim for intentional infliction of emotional distress for which relief can be granted**

To state a claim for intentional infliction of emotional distress ("IIED"), four elements must

be alleged: 1) outrageous conduct that exceeds the bounds of human decency tolerable in civilized

society; 2) intent to cause severe emotional distress; 3) a causal connection between the conduct and

the injury; and 4) severe emotional distress. Howell v. New York Post Co., Inc., 81 N.Y.2d 115, 121

(1993). The first element, outrageous conduct, serves the dual function of filtering out petty and

trivial complaints and assuring that plaintiff's claim of severe emotional distress is genuine. *Id* at

121. The element of outrageous conduct is particularly susceptible to determination as a matter of

law. *Id*. at 122.

The tort requires pleading extreme and outrageous conduct which so transcends the bounds

of decency as to be regarded as atrocious and intolerable in a civilized society. Frechofer v. Hearst

Corp., 65 N.Y.2d 135, 143 (1985), *citing*, Fischer v. Maloney, 43 N.Y.2d 557 (1978). The conduct

alleged "must consist of more than mere insults, indignities, and annoyances." Leibowitz v. Bank

Leumi Trust Co. of New York, 152 A.D.2d 169, 548 N.Y.S.2d 513 (2nd Dept., 1989)(use of religious

and ethnic slurs did not rise to threshold of extreme and outrageous conduct sufficient to plead

IIED), *citing*: Nestlerode v. Federal Ins. Co., 66 A.D.2d 504, 507, 414 N.Y.S.2d 398; Belanoff v.

Grayson, 98 A.D.2d 353, 355, 471 N.Y.S.2d 91; Lincoln First Bank of Rochester v. Barstro & Assoc. Contr., 49 A.D.2d 1025, 374 N.Y.S.2d 485. *See also*, Spence v. Maryland Casualty Co., 803 F.Supp. 649 (W.D.N.Y.1992)(among other things, employee was harassed and taunted by supervisors about his age, but this was not enough to equal extreme and outrageous conduct); McGovern v. Nassau County Dept. of Social Services, 16 Misc.3d 1114(A), 2007 WL 2127348 (Nassau Sup. 2007)(allegations that teachers were critical of student and badgered her, creating hostile learning environment, were insufficient to plead cause of action for IIED).

Further, since IIED may encompass otherwise lawful conduct, it is a theory of liability that is to be invoked only as a last resort. See Vione v. Tewell, 12 Misc.3d 973, 820 N.Y.S.2d 682, 2006 Slip Op. 26210 at 687 (N.Y.Sup., 2006) *citing*, McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc. 256 A.D.2d 269, 270, 682 N.Y.S.2d 167 (1st Dept.1998). When the complained of conduct is embraced by a traditional tort which provides for emotional damages, the cause of action for infliction of emotional distress should be dismissed. *Id.*

Here, the conduct of the Dominican College defendants, as alleged in the Complaint, does not exceed "the bounds of human decency tolerable in civilized society." Plaintiff alleges little more than that the decedent's claims were not treated as seriously as Megan would have liked. No conduct has been alleged which is in any way shocking or extreme. Mere disappointment or dissatisfaction with the College's response to her report of sexual assault does not rise to the requisite level.

Further, the complaint does not allege any actual intent on the part of the Dominican College defendants to cause Megan emotional distress, it focuses merely on the alleged conduct and attempts to construe intent from that conduct. As discussed above, however, the College defendants' conduct, as alleged, was neither outrageous nor egregious and cannot be construed to manifest an intent to

cause emotional distress. Consequently, plaintiff fails to satisfy the pleading requirements for a cause of action for IIED.

Moreover, the complaint also includes causes of action for negligence and wrongful death, components of which address claims for emotional distress. Thus, plaintiff's IIED claim is essentially duplicative and should be dismissed on this basis as well. McIntyre, *supra.*

### III.    Plaintiff's Sixth Cause of Action fails to state a claim for fraud for which relief can be granted.

In her Sixth Cause of Action, plaintiff seeks damages based on allegations of fraud and fraudulent inducement. Federal Rule of Civil Procedure ("FRCP") 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." To comply with Rule 9(b), a complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." United States ex rel. Barmak v. Sutter Corp., No. 95 Civ. 7637(KTD), 2003 WL 21436213, at *4 (S.D.N.Y., 2003). Plaintiff must set forth the "who, what, when, and where" of the alleged fraud. *Id.*

The primary purposes of Rule 9(b)'s requirement of particularity are: "(1) ensuring that defendants have sufficient notice of plaintiff's claims; (2) discouraging strike suits; and (3) preventing the filing of suits that simply hope to uncover the basis for some previously unspecified wrongdoing." *Id.* at *6 (citations omitted). Under Rule 9(b), "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." FRCP 9(b). Nonetheless, "plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." Lerner v. Fleet Bank N.A., 459

F.3d 273, 290 (2nd Cir. 2006). The inference "may be established either (a) by alleging facts to show

that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that

constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* at 290-91

(citation omitted). *See also*, <u>Treeline Inv. Partners, LP v. Koren</u>, Slip Copy, 2007 WL 1933860

(S.D.N.Y. 2007).

   Failure to plead fraud with particularity subjects a complaint to dismissal, and a dismissal

with prejudice "is appropriate under Rule 9(b) where there is a 'good reason' to deny the plaintiff

leave to amend, including where it appears that any amendment would be futile." <u>Smith</u>, 2007 WL

2142312, at *7 (citations omitted).[3]

   Here, the complaint fails to meet the required level of specificity and does not adequately

allege actual "fraudulent" conduct or omissions.

**A.    The Complaint alleges facts which actually refute the allegation of fraud.**

   Plaintiff's fraud claim relies on the allegation that administrators at Dominican College

deliberately withheld information from the students regarding an alleged April 2006 sexual assault

on campus.  However, paragraph 50 of the Complaint states that the school actually held a meeting

for students related to the April 2006 sexual assault.  Leaving aside plaintiff's obvious belief that the

meeting was somehow deficient, the fact, as alleged in the Complaint, is that Dominican College

actually informed students of the April 2006 assault.  By plaintiff's very own admission in the

---

   [3]  Rule 9(b)'s heightened pleading requirements also reflect "the desire to spare
defendants the harm to their reputations attendant to an allegation of fraud absent concrete
factual circumstances supporting the allegations." <u>DeCarlo</u>, 937 F.Supp. at 1049-50 (quoting
<u>Devaney v. Chester</u>, 709 F.Supp. 1255, 1260 (S.D.N.Y. 1989)).  In addition, Rule 9(b) prevents
fraud claims from being used as a pretext for conducting fishing expeditions during discovery.
<u>McFarland v. Memorex Corp.</u>, 493 F.Supp. 631, 636-37 (N.D. Cal. 1980).

Complaint, Dominican College did not fail to disclose the assault.  In fact, according to the Complaint, Dominican College affirmatively informed the student body of the assault by scheduling the meeting and providing students with the opportunity to obtain information regarding that assault. Consequently, under FRCP 9(b) no fraud can lie as alleged in the Complaint, since the Complaint establishes that there was no fraudulent omission regarding the April 2006 assault.  The Sixth Cause of Action must, therefore, be dismissed.

### B.    The alleged Clery Act deficiencies do not provide a basis for a fraud cause of action

Plaintiff also tries to maintain her fraud claim by alleging that Dominican College's failure to comply with reporting requirements under the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act ("Clery Act") was itself fraudulent, and fraudulently induced Megan to enroll at the College.  However, not only did Dominican College not fail to satisfy the reporting requirements of the Clery Act, but plaintiff is attempting to use her fraud allegations to create a private right of action under the Clery Act, even though the Act specifically bars any such private right of action.

### 1.    The Clery Act does not provide plaintiff with a private right of action

Plaintiff attempts to utilize the alleged failure to comply with the reporting requirements of the Clery Act as a predicate to her fraud claim against Dominican College.  In essence, plaintiff is trying to create a private cause of action under the Clery Act, by claiming that failure to satisfy the Act's reporting requirements supports a claim of fraud.  However, the Act specifically states that nothing in the Act will be construed to confer a private right of action upon any person to enforce the provisions of the Act.  20 U.S.C.§1092(f)(8)(C).  It further states that nothing in the Act "may

be construed to: (i) create a cause of action against any institution of higher education or any employee of such institution for any civil liability; or (ii) <u>establish any standard of care</u>." 20 U.S.C. §1092(f)(14)(A) (emphasis added). Consequently, noncompliance with the Act cannot form the basis of a cause of action against the College defendants. Yet, this is precisely what plaintiff is attempting to do.

If non-compliance with the Clery Act is permitted to serve as a basis for an allegation of fraudulent inducement, then the provisions of 20 U.S.C. §§1092(f)(8)(C) and 1092(f)(14) would be circumvented and plaintiffs everywhere would effectively be granted a private cause of action under the Act. This would be directly contrary to the provisions of the Act, which specifically states that it cannot be construed as creating a standard of care and cannot be construed as creating a cause of action against an institution of higher learning or its employees. 20 U.S.C. §1092(f)(14)(A). Plaintiff, therefore, cannot rely on the alleged non-compliance with the Clery Act to support her cause of action. Once the allegations related to the Clery Act are removed from consideration, there remains no other fact or duty alleged in the Complaint, which supports the fraud claim, and plaintiff cannot satisfy the requirements of FRCP 9(b).

## 2. Dominican College was not in violation of Clery Act reporting requirements

Based on the allegations in the Complaint, Dominican College was not in violation of the Clery Act. Under the Clery Act, institutions such as Dominican College were required to begin publishing and disseminating a campus security report on September 1, 1992 and were required to publish an updated report each year thereafter. 20 U.S.C. §1092(f)(1). The annual report is required to contain statistical data for the two preceding years on the occurrence of various criminal offenses

11

on campus, including sex offenses. *Id.* at §1092(f)(1)(F). Consequently, under the Clery Act, the April 2006 sexual assault was not scheduled to be officially disclosed until September 1, 2006. Thus, Dominican College was under no duty to disclose the April 2006 assault prior to the May 7, 2006 incident, and its alleged failure to disclose the assault prior to Megan's incident cannot possibly provide a basis for a claim of fraud. Though, in fact, we know from paragraph 50 of the Complaint, that the April 2006 assault was disclosed to the campus community, and plaintiff's fraud allegations are, therefore, wholly without basis.

### C.     Plaintiff fails to state a claim for fraudulent inducement

The elements of fraudulent inducement are: (1) a misrepresentation of material existing fact, (2) which is false and known to be false by the defendant when made, (3) for the purpose of inducing plaintiffs' reliance, (4) plaintiffs' justifiable reliance on the alleged misrepresentation or omission and (5) injury. Century 21, Inc. v. F.W. Woolworth Co., 181 A.D.2d 620, 620 (1st Dept 1992).

However, plaintiff's Complaint fails to allege three out of the five elements required to establish fraudulent inducement. There is no allegation that defendants knew that the College's representation of campus safety was false, nor is there an allegation that the alleged omission was made for the purpose of inducing plaintiff's reliance and securing her enrollment at the College. Most importantly, however, is that even if Dominican College had failed to advise students of the April 2006 assault, that failure cannot be the basis of plaintiff's claim of fraud.

Plaintiff pleads that Megan was fraudulently induced to attend Dominican College and to live on Campus. (Comp. ¶179). However, according to the complaint, Megan enrolled in Dominican College for the 2005/2006 school year and began living on campus in 2005 after entering into a contract for on campus housing in July 2005. (Comp. ¶¶23-24). Therefore, it is simply not possible

12

for the alleged April 2006 attack to form the basis of any fraudulent inducement to attend Dominican College; a decision that had been made by Megan approximately eight months <u>prior</u> to the April attack.

Once the non-reporting of the April 2006 attack is removed from consideration, plaintiff's fraudulent inducement allegation lacks a specific fraudulent act on which it can be based (as required by FRCP 9(b)). Further, there are no allegations that would establish that the defendants had the necessary fraudulent intent to support such a cause of action. For these reasons also, the Sixth Cause of Action must be dismissed with prejudice.

## IV. Plaintiff's Seventh Cause of Action fails to state a claim under 42 USC §1983 for which relief can be granted

Section 1983 prohibits any person acting under color of state law from violating an individual's federally secured rights. Two questions are immediately presented: 1) was the actor, in this case Dominican College, acting under color of state law; and, 2) was a federally secured right of Megan Wright violated. In this case, the answer to both questions is in the negative.

### A. Dominican College was not a "state actor" for purposes of a claim under 42 U.S.C. §1983

Paragraph 183 of the Complaint alleges that because Dominican College receives federal funding, it acted "under color of law." However, federal funding does not, by itself, transform Dominican College into a state actor for purposes of a violation of 42 U.S.C. §1983. To be a state actor, Dominican's actions would need to be in concert with the State or to have been compelled by the State. See, <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838, 102 S.Ct. 2764, 2769 (1982)(private college not state actor merely because it receives public funding); <u>Blum v. Yaretsky</u>, 457 U.S. 991,

13

102 S.Ct. 2777 (1982)(in action alleging violation of 14th Amendment rights to due process, partially state funded nursing homes not state actors with respect to patient transfer decisions where State did not coerce or encourage transfer decisions made by physicians and nursing home administrators). To satisfy §1983's threshold question, it must be shown that the act, or omission, could "fairly be attributed to the State;" that the College stood in the shoes of the state. See. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744 (1982).

Here, no such showing can be made. Dominican's alleged failure to comply with the reporting requirements of the Clery Act were not compelled, or encouraged, or authorized by the State. Dominican College is a private entity and the State is not alleged to have had any involvement in the College's collection and reporting of the statistics required by the Clery Act.

**B.      A federally secured "right" of Megan Wright's was not violated**

Even if it was determined that somehow the College satisfied the "state actor" test, the "rights" supposedly violated by the Defendant under the Clery Act are not of the type of rights actionable under §1983. The Supreme Court has held that nothing short of unambiguously conferred rights will support a cause of action under §1983; it is rights, not the broader or vaguer "benefits" or "interests," that may be enforced under the authority of §1983. Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Of most significance on this point, is that the Clery Act specifically states that nothing in the Act will be construed to confer a private right of action upon any person to enforce the provisions of the Act. 20 U.S.C.§1092(f)(8)(C).

In Gonzaga, *supra*, the Supreme Court affirmed a dismissal of a §1983 claim that had been brought against Gonzaga University on the alleged basis that Gonzaga had failed to comply with provisions of the Family Educational Rights and Privacy Act (FERPA). The Court held that the

14

provisions of the Act that prohibited federal funding of educational institutions that allowed release of educational records to unauthorized persons did not create a personal right enforceable under §1983. The Clery Act, though having a different aim, has a similar enforcement mechanism. Initially, the Act only applies to institutions participating in federal financial assistance programs. Schools that fail to comply with its dictates can be fined by the U.S. Department of Education. In Gonzaga, the Supreme Court stated specifically that it declined to hold that legislation such as FERPA, – which, like the Clery Act, conditions federal funding of educational institutions on compliance with certain actions focused on the whole College Community and not on the needs of an individual, does not provide a basis for private enforcement, and provides for enforcement only through the Department of Education – confers any rights enforceable through 42 U.S.C. §1983. *Id.* at 287-289.

## CONCLUSION

For the reasons detailed above, the Dominican College Defendants respectfully ask this Court to dismiss, pursuant to FRCP 12(b)(6), plaintiff's first, fifth, sixth and seventh causes of action in the Complaint on the basis that plaintiff has failed to state causes of action upon which relief may be granted. Additionally, with respect to plaintiff's sixth cause of action, plaintiff has failed to plead fraud with sufficient particularity and it should be dismissed pursuant to FRCP 9(b).

Dated  New York, New York
      January 29, 2008

                                    Respectfully submitted,

                                      BIEDERMANN, REIF, HOENIG & RUFF, P.C.

                                      Philip K. Semprevivo, Jr. (PS-1526)
                                      psemprevivo@brhr.com

15

Peter W. Beadle (PB 5045)
pbeadle@brhr.com

*Attorneys for Dominican College of Blauvelt,
New York, Sister Mary Eileen O'Brien, John
Lennon, John Prescott, and Carlysle Hicks*
570 Lexington Avenue, 16th Floor
New York, New York 10022
www.brhr.com
(212) 697-6555

16

UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CYNTHIA MCGRATH, Individually and as Administratrix ad Prosequendum of the Estate of MEGAN WRIGHT, | : : | **CIVIL CASE NO.: 07-CV-11279** |
| Plaintiff, | : | |
| -against- | : | |
| DOMINICAN COLLEGE OF BLAUVELT, NEW YORK, SISTER MARY EILEEN O'BRIEN, Individually and as President of Dominican College,: JOHN LENNON, Individually and as Director of Security of Dominican College, JOHN PRESCOTT,: Individually and as Dean of Students of Dominican College, CARLYSLE HICKS, Individually and as Director of Resident Life of Dominican College, RICHARD FEGINS, JR., KENNETH A. THORNE,: JR., ISAIAH LYNCH, and TERRELL E. HILL, | : | |
| Defendants. | : : | |

### CERTIFICATE OF SERVICE

I am associated with the law firm of Biedermann, Reif, Hoenig & Ruff, P.C., attorneys for

Defendants Dominican College, Sister Mary Eileen O'Brien, John Lennon, John Prescott and Carlyle

Hicks, in this action.  I am over eighteen (18) years of age. On the 29 day of January, 2008, I caused

to be served copies of the Defendant's Notice of Motion to Dismiss, and Memorandum of Law in

Support of the Motion, on each of the parties to this action who have thus far appeared, by filing

copies of same electronically with the CM/ECF system maintained by the United States District

Court for the Southern District of New York, and by mailing copies of these documents to the

following party attorneys via First-Class Mail:

Andrew L. Morrison (AM-1071)
Sarah P. Kenney (SK-5642)

CERTIFICATE OF SERVICE
McGRATH V. DOMINICAN COLLEGE, 07-CV-11279
PAGE 2 OF 2

      Kirkpatrick & Lockhart
      Preston Gates Ellis LLP
      599 Lexington Avenue
      New York, New York 10022
      (212)-536-3900

      *Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §1746, I certify under the penalty of perjury that the foregoing is true

and correct.

Executed:    January 29, 2008

                    Peter W. Beadle