UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CYNTHIA MCGRATH, Individually and as          :
Administratrix ad Prosequendum of the Estate of
MEGAN WRIGHT,                                  :

               Plaintiff,          :

   -against-          :

DOMINICAN COLLEGE OF BLAUVELT, NEW  :
YORK, SISTER MARY EILEEN O'BRIEN,
Individually and as President of Dominican College,:
JOHN LENNON, Individually and as Director of
Security of Dominican College, JOHN PRESCOTT,:
Individually and as Dean of Students of Dominican
College, CARLYSLE HICKS, Individually and as  :
Director of Resident Life of Dominican College,
RICHARD FEGINS, JR., KENNETH A. THORNE,:
JR., ISAIAH LYNCH, and TERRELL E. HILL,

              Defendants.          :

---

CIVIL CASE NO.: 07-CV-11279

---

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' DOMINICAN COLLEGE OF
BLAUVELT, NEW YORK, SISTER MARY EILEEN O'BRIEN, JOHN LENNON, JOHN
PRESCOTT, and CARLYSLE HICKS' MOTION FOR PARTIAL DISMISSAL OF THE
AMENDED COMPLAINT PURSUANT TO FRCP 9(b) and 12(B)(6)

---

BIEDERMANN, REIF, HOENIG & RUFF, P.C.
*Attorneys for Dominican College of*
*Blauvelt, New York, Sister Mary Eileen*
*O'Brien, John Lennon, John Prescott, and*
*Carlysle Hicks*
570 Lexington Avenue, 16th Floor
New York, New York 10022
www.brhr.com
(212) 697-6555

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   Plaintiff fails to state a cause of action under "Title IX" for which relief can
     be granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     A.   Plaintiff has failed to demonstrate that either Dominican College or the
          individual Dominican defendants was deliberately indifferent to
          harassment direct at the plaintiff's decedent . . . . . . . . . . . . . . . . . . . . . 2
     B.   Plaintiff is not entitled to money damages as a consequence of Dominican
          College's inadequate policies and procedures.

          . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     C.   The Title IX claims should be dismissed as against the individual
          Dominican College Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.  Plaintiff's Fifth Cause of Action  fails to state a claim for intentional infliction of
     emotional distress for which relief can be granted

     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. Plaintiff's Sixth Cause of Action fails to state a claim for fraud for which relief
     can be granted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
     A.   The allegations of the Amended Complaint actually refute the claim of
          fraud. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
     B.   The alleged Clery Act deficiencies do not provide a basis for a fraud cause
          of action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
          1.   The Clery Act does not provide plaintiff with a private right of
               action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
          2.   Dominican College was not in violation of Clery Act reporting
               requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
     C.   Plaintiff fails to state a claim for fraudulent inducement . . . . . . . . . . . . 14

IV.  Plaintiff's Seventh Cause of Action fails to state a claim under 42 USC §1983 for
     which relief can be granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
     A.   The Dominican College defendants were not "state actors" for purposes of
          a claim under 42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
     B.   A federally secured "right" of Megan Wright's was not violated

          . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
     C.   Plaintiff has not alleged the personal involvement of the defendants in the
          deprivation of a federally secured right . . . . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## TABLE OF AUTHORITIES

<u>CASES</u>

Aurelia D. v. Monroe County Bd. of Educ. 862 F.Supp. 363 (M.D.Ga.,1994) . . . . . . . . . . . . . . <u>6</u>

Aurelia Davis v. Monroe County Board of Education, 526 U.S. 629 (1999) . . . . . . . . . . . . . <u>2</u>, <u>3</u>

Back v. Hastings On Hudson Union Free School Dist., 365 F.3d 107, 121 (2d Cir. 2004) . . . <u>15</u>, <u>18</u>

Belanoff v. Grayson, 98 A.D.2d 353, 355, 471 N.Y.S.2d 91 . . . . . . . . . . . . . . . . . . . . . . . . . <u>7</u>

Blum v. Yaretsky, 457 U.S. 991, 102 S.Ct. 2777 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>16</u>, <u>17</u>

Century 21, Inc. v. F.W. Woolworth Co., 181 A.D.2d 620, 620 (1st Dept 1992) . . . . . . . . . . . <u>14</u>

Davis v. Monroe County Bd. of Educ., 74 F.3d 1186 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . <u>6</u>

Devaney v. Chester, 709 F.Supp. 1255, 1260 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . <u>10</u>

Doe v. D'Agostino, 367 F.Supp.2d 157, 166 (D.Mass.2005) . . . . . . . . . . . . . . . . . . . . . . . . . . <u>3</u>

Doe v. Sch. Admin. Dist. No. 19, 66 F.Supp.2d. 57, 63 (D.Me.1999) . . . . . . . . . . . . . . . . . . . <u>3</u>

Fischer v. Maloney, 43 N.Y.2d 557 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>7</u>

Frechofer v. Hearst Corp., 65 N.Y.2d 135, 143 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>7</u>

Gebser v. Lago Vista School District, 524 U.S. 274 (1998) . . . . . . . . . . . . . . . . . . . . . . . . <u>2-6</u>

Gonzaga University v. Doe, 536 U.S. 273, 279 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>17</u>

Howell v. New York Post Co., Inc., 81 N.Y.2d 115, 121 (1993) . . . . . . . . . . . . . . . . . . . . . . . <u>6</u>

Hunter ex rel. Hunter v. Barnstable School Committee, 456 F.Supp.2d 255, 262 (D.Mass.,2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>2</u>, <u>3</u>

Leibowitz v. Bank Leumi Trust Co. of New York, 152 A.D.2d 169, 548 N.Y.S.2d 513 (2nd Dept., 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>7</u>

Lerner v. Fleet Bank N.A., 459 F.3d 273, 290 (2nd Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Lincoln First Bank of Rochester v. Barstro & Assoc. Contr., 49 A.D.2d 1025, 374 N.Y.S.2d 485 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Lipsett v. Univ. of Puerto Rico, 864 F.2d 881, 901 (1st Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . 6

Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744 (1982) . . . . . . . . . . . . . . . . . 16

McFarland v. Memorex Corp., 493 F.Supp. 631, 636-37 (N.D. Cal. 1980) . . . . . . . . . . . . . . . 10

McGovern v. Nassau County Dept. of Social Services, 16 Misc.3d 1114(A), 2007 WL 2127348 (Nassau Sup. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc. 256 A.D.2d 269, 270, 682 N.Y.S.2d 167 (1st Dept.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . 15, 19

Monell v. Department of Social Servs., 436 U.S. 658, 690, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Nestlerode v. Federal Ins. Co., 66 A.D.2d 504, 507, 414 N.Y.S.2d 398 . . . . . . . . . . . . . . . . . . 7

Oden v. N. Marianas Coll., 440 F.3d 1085, 1089 (9th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . 4

Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S.Ct. 2764 (1982) . . . . . . . . . . . . . . . . . . . . . 16

Sanders v. Sears, Roebuck & Co., 984 F.2d 972 (8th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . 18

Spence v. Maryland Casualty Co., 803 F.Supp. 649 (W.D.N.Y.1992) . . . . . . . . . . . . . . . . . . . . 7

Treeline Inv. Partners, LP v. Koren, Slip Copy, 2007 WL 1933860 (S.D.N.Y. 2007) . . . . . . . . 9

United States ex rel. Barmak v. Sutter Corp., No. 95 Civ. 7637(KTD), 2003 WL 21436213, at *4 (S.D.N.Y., 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Vione v. Tewell, 12 Misc.3d 973, 820 N.Y.S.2d 682, 2006 Slip Op. 26210 at 687 (N.Y.Sup., 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Wills v. Brown Univ., 184 F.3d 20, 26 (1st Cir.,1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

## FEDERAL RULES

Federal Rule of Civil Procedure 12(b)(6) ........................................... 19

Federal Rule of Civil Procedure 9(b) ................................... 9, 11, 13, 15, 19

## FEDERAL STATUTES

**42 USC §1983** .................................................................. 15-18

Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act, 20
U.S.C.§1092 ..................................................................... 12, 13, 17

Title IX, 20 U.S.C. §§ 1681–1688 ............................................... 1, 5, 6

## PRELIMINARY STATEMENT

This action seeks damages for negligence, wrongful death, breach of contract, premises liability, intentional infliction of emotional distress, fraud, violation of Title IX, the Cleary Act and 42 USC §1983[1], arising out of an incident on May 7, 2006, during which the decedent, Megan Wright, allegedly was sexually assaulted inside a dormitory room on the campus of defendant Dominican College in Rockland County, New York. She did not return to Dominican College the following semester; and she subsequently took her own life approximately seven months later.

For the reasons detailed below, defendants Sister Mary Eileen O'Brien, John Lennon, John Prescott and Carlyle Hicks now move to dismiss the plaintiff's Amended Complaint in its entirety and defendant Dominican College moves to dismiss plaintiff's Title IX, 42 USC §1983, fraud, and intentional infliction of emotional distress claims against it in the Amended Complaint, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## ARGUMENT

## I.    Plaintiff fails to state a cause of action under "Title IX" for which relief can be granted

In pleading a cause of action under Title IX (See, 20 U.S.C. §§ 1681–1688), the First Cause of Action of the Amended Complaint intermingles two distinct scenarios for liability: 1) that Dominican College failed to prevent the alleged sexual assault on Megan Wright by showing a

---

[1] Plaintiff alleges that this Court has jurisdiction over this action on the basis of Federal Subject Matter Jurisdiction based on the Title IX and "§1983" causes of action sought to be dismissed herein. Should these causes of action be dismissed, only the negligence, wrongful death, premises liability and breach of contract causes of action would remain as against the Dominican College defendants.

deliberate indifference to alleged prior sexual assaults; and, 2) that Dominican College failed to implement policies and procedures related to the handling of reports of sexual assault as required by Title IX. The complaint fails to sufficiently plead a viable cause of action under either scenario.

**A.     Plaintiff has failed to demonstrate that either Dominican College or the individual Dominican defendants was deliberately indifferent to harassment direct at the plaintiff's decedent**

Although the Supreme Court has recognized that an implied private right of action may exist under Title IX, it has also held that private damages actions are available only where recipients of federal funding had adequate notice that they could be liable for the conduct at issue. *See*, <u>Aurelia Davis v. Monroe County Board of Education</u>, 526 U.S. 629 (1999). Title IX places the burden on the plaintiff in a private right of action claim against a school to prove that: (1) the student was subjected to harassment severe enough to compromise the victim's educational opportunities; (2) the recipient of the federal funds had actual knowledge of the harassment; and (3) the recipient exhibited deliberate indifference to the harassment. <u>Wills v. Brown Univ.</u>, 184 F.3d 20, 26 (1st Cir.,1999); see <u>Davis</u>, *supra* at 643-45; <u>Hunter ex rel. Hunter v. Barnstable School Committee</u>, 456 F.Supp.2d 255, 262 (D.Mass.,2006); *See also*, <u>Gebser v. Lago Vista School District</u>, 524 U.S. 274 (1998).

In <u>Gebser</u> the Supreme Court held that a student's claim for money damages based on sexual harassment by a teacher could arise under Title IX, but only if (1) "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [funding] recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond," and (2) the inadequate response "amount[s] to deliberate indifference to discrimination." 524 U.S. at 290. The Court rejected two alternative bases of liability advanced by the plaintiffs. First, it rejected a respondeat-superior claim predicated on the notion that the authority

2

conveyed to the teacher by the school district facilitated the harassment. *See id.* at 282.  Second, it rejected the notion that the district could be liable based on constructive notice—that is, that the district "'should have known' about harassment but failed to uncover and eliminate it." *Id.*

The actual notice requirement emerges from the contract theory of liability associated with Title IX. It is equitable to impose monetary damages on a school only where it has notice of the potential liability. *See* Gebser, 524 U.S. at 287, 118 S.Ct. 1989.  Generalized complaints by parents will not satisfy this standard.  *See*, Doe v. D'Agostino, 367 F.Supp.2d 157, 166 (D.Mass.2005) (Tauro, J.); *see also,* Doe v. Sch. Admin. Dist. No. 19, 66 F.Supp.2d. 57, 63 (D.Me.1999) ("[I]t is clear that actual notice requires more than a simple report of inappropriate conduct by a teacher.") Notice will, however, satisfy the standard if it is sufficient to alert the school authorities to a probable case of sexual harassment. Hunter, *supra* at 265.  *See also,* Gebser, 524 U.S. at 291.

Even with actual knowledge of cognizable peer-on-peer harassment, a school will not be liable for monetary damages <u>unless</u> it acted with "deliberate indifference" to the sexual harassment. Davis, 526 U.S. at 648, 119 S.Ct. 1661.  The "deliberate indifference" standard requires this Court to determine whether a reasonable fact-finder could conclude that Dominican College's response was "clearly unreasonable in light of the known circumstances." *Id.*  This standard attaches liability in situations where the school intentionally acts in violation of Title IX requirements either through grossly inadequate action or no action at all, and through which this tepid or nonexistent response effectively causes the student to encounter discrimination. *See id.* at 642-43, 119 S.Ct. 1661.  If the school acts in a timely and reasonable manner to end the harassment, it will not be liable under Title IX. <u>Wills</u>, 184 F.3d at 26. The underlying purpose of this stringent standard is to prevent the diversion and expenditure of public educational funds through imputation of wrongdoing and to

3

impose liability only where the school had an opportunity to take action to end or limit the sexual harassment and failed to do so. Gebser, *supra* at 289. As a result, this standard is often interpreted strictly to require "an official decision ... not to remedy the violation." *Id.* at 290; *see also* Oden v. N. Marianas Coll., 440 F.3d 1085, 1089 (9th Cir.2006) (holding that to surmount the deliberate indifference standard an educational institution need only avoid a deliberate attempt to sabotage the plaintiff's complaint or its orderly resolution).

Accepting, for purposes of this motion only, the allegations in the complaint as true, plaintiff nevertheless fails to state a claim that Dominican College had adequate notice that it could be liable for an assault on Megan Wright. The complaint speaks in very broad generalities, so broad that plaintiff has failed to plead an adequate cause of action.

The complaint alleges that Dominican knew of sexual assaults on other female students on campus, but it does not allege any connection between those assaults and the circumstances present in the Megan Wright case. For instance, plaintiff does not allege that the attackers were the same in each alleged case and were known to the school to be dangerous prior to the alleged assault on Megan Wright. Further, the complaint does not allege that the circumstances of each prior alleged sexual assault was the same. Knowledge merely of a prior sexual assault on campus, is not knowledge or notice that Megan Wright was, or would become, the victim of a sexual assault or that such an assault was a consequence of the failure of a specific aspect of the school's programming to provide for the equal treatment of its students.

The complaint does not establish that Megan Wright's attackers were previously known to have committed sexual assaults on campus or that school officials had shown a deliberate indifference to the presence of those persons on campus and failed to meet its duty to act. Further,

4

the complaint does not establish that Dominican College had some sort of control over the alleged harassment when, or before, it happened. Plaintiff effectively argues that the College should have known that Megan could become a victim of sexual assault in the dormitory but failed to prevent the assault; the very type of "constructive notice" theory of liability rejected by the United States Supreme Court in <u>Gebser</u>.

Dominican College cannot be directly liable for any alleged indifference where it lacks the authority and opportunity to take remedial action. Since nothing in the complaint establishes or even alleges that Dominican College knew that the decedent's alleged assailants posed a danger to the decedent and other students, then plaintiff cannot show that Dominican College acted in a deliberately indifferent manner prior to the alleged assault[2]. Consequently, plaintiff is not entitled to money damages.

**B.      Plaintiff is not entitled to money damages as a consequence of Dominican College's inadequate policies and procedures.**

Plaintiff's second theory for relief pursuant to Title IX is likewise easily disposed of in accordance with the holdings of the Supreme Court in <u>Gebser</u>. Plaintiff contends that even though the harassment did not continue, Dominican College's policies and procedures for dealing with the aftermath of the assault and assisting Megan Wright in filing a complaint and conducting an investigation were somehow inadequate. The Supreme Court, however, specifically held that a school's failure to comply with the regulations of the Department of Education and promulgate and follow grievance and other procedures does not itself constitute "discrimination," nor does such a

---

[2]   It should be noted that based on the allegations contained in the complaint, Megan Wright was not subjected to any further sexual assault or harassment after the alleged assault on May 7, 2006 had been reported to School officials. Moreover, there is no claim in the Amended Complaint that Megan was treated differently on account of her gender.

failure constitute the requisite actual notice and deliberate indifference required to sustain a private right of action under Title IX. <u>Gebser</u>, *supra* at 291-292 ("We have never held, however, that the implied private right of action under Title IX allows recovery in damages for violation of those sorts of administrative requirements"). Accordingly, plaintiff has no right to recover damages for the alleged violations of Title IX's administrative requirements, and, as such, there exists no viable cause of action here.

C.    **The Title IX claims should be dismissed as against the individual Dominican College Defendants**

While the Supreme Court has recognized that there is an implied private right of action against <u>federal funding recipients,</u> the individual Dominican College defendants, Sister Mary Eileen O'Brien, John Lennon, John Prescott and Carlyle Hicks, are not federal funding recipients, and no private right of action exists against them under Title IX. *See,*. <u>Lipsett v. Univ. of Puerto Rico</u>, 864 F.2d 881, 901 (1st Cir.1988); <u>Aurelia D. v. Monroe County Bd. of Educ.</u> 862 F.Supp. 363 (M.D.Ga.,1994); rvs'd on other grounds <u>Davis v. Monroe County Bd. of Educ.</u>, 74 F.3d 1186 (11th Cir. 1996).

II.    **Plaintiff's Fifth Cause of Action  fails to state a claim for intentional infliction of emotional distress for which relief can be granted**

To state a claim for intentional infliction of emotional distress ("IIED"), four elements must be alleged: 1) outrageous conduct that exceeds the bounds of human decency tolerable in civilized society; 2) intent to cause severe emotional distress; 3) a causal connection between the conduct and the injury; and 4) severe emotional distress. <u>Howell v. New York Post Co., Inc.</u>, 81 N.Y.2d 115, 121 (1993). The first element, outrageous conduct, serves the dual function of filtering out petty and

trivial complaints and assuring that plaintiff's claim of severe emotional distress is genuine. *Id* at 121. The element of outrageous conduct is particularly susceptible to determination as <u>a matter of law</u>. *Id*. at 122.

The tort requires pleading extreme and outrageous conduct which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society. <u>Frechofer v. Hearst Corp.</u>, 65 N.Y.2d 135, 143 (1985), *citing*, <u>Fischer v. Maloney</u>, 43 N.Y.2d 557 (1978). The conduct alleged "must consist of more than mere insults, indignities, and annoyances." <u>Leibowitz v. Bank Leumi Trust Co. of New York</u>, 152 A.D.2d 169, 548 N.Y.S.2d 513 (2nd Dept., 1989)(use of religious and ethnic slurs did not rise to threshold of extreme and outrageous conduct sufficient to plead IIED), *citing*: <u>Nestlerode v. Federal Ins. Co.</u>, 66 A.D.2d 504, 507, 414 N.Y.S.2d 398; <u>Belanoff v. Grayson</u>, 98 A.D.2d 353, 355, 471 N.Y.S.2d 91; <u>Lincoln First Bank of Rochester v. Barstro & Assoc. Contr.</u>, 49 A.D.2d 1025, 374 N.Y.S.2d 485. *See also*, <u>Spence v. Maryland Casualty Co.</u>, 803 F.Supp. 649 (W.D.N.Y.1992)(among other things, employee was harassed and taunted by supervisors about his age, but this was not enough to equal extreme and outrageous conduct); <u>McGovern v. Nassau County Dept. of Social Services</u>, 16 Misc.3d 1114(A), 2007 WL 2127348 (Nassau Sup. 2007)(allegations that teachers were critical of student and badgered her, creating hostile learning environment, were insufficient to plead cause of action for IIED).

Further, since IIED may encompass otherwise lawful conduct, it is a theory of liability that is to be invoked only as a last resort. <u>See</u> <u>Vione v. Tewell</u>, 12 Misc.3d 973, 820 N.Y.S.2d 682, 2006 Slip Op. 26210 at 687 (N.Y.Sup., 2006) *citing*, <u>McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.</u> 256 A.D.2d 269, 270, 682 N.Y.S.2d 167 (1st Dept.1998). When the complained of conduct is embraced by a traditional tort which provides for emotional damages, the cause of action for

7

infliction of emotional distress should be dismissed. *Id.*

Here, the conduct of the Dominican College defendants, as alleged in the Complaint, does not exceed "the bounds of human decency tolerable in civilized society." Plaintiff alleges little more than that the decedent's claims were not treated as seriously as Megan Wright would have liked. No conduct has been alleged which is in any way shocking or extreme. Even if plaintiff's allegations of a "cover up" are accepted, such behavior, which was not directed at Ms. Wright, and did not involve abusive, offensive or physically assaultive behavior towards Megan, does not rise to the requisite level. Mere disappointment or dissatisfaction with the College's response to her report of sexual assault is insufficient.

Further, the complaint does not allege any <u>actual</u> intent on the part of the Dominican College defendants to cause Megan emotional distress, it focuses merely on the alleged conduct and attempts to construe intent from that conduct. As discussed above, however, the College defendants' conduct, as alleged, was neither outrageous nor egregious and cannot be construed to manifest an intent to cause emotional distress. Consequently, plaintiff fails to satisfy the pleading requirements for a cause of action for IIED.

Moreover, the complaint also includes causes of action for negligence and wrongful death, components of which address claims for emotional distress. Thus, plaintiff's IIED claim is essentially duplicative and should be dismissed on this basis as well. <u>McIntyre</u>, *supra.*

**III.    Plaintiff's Sixth Cause of Action fails to state a claim for fraud for which relief can be granted.**

In her Sixth Cause of Action, plaintiff seeks damages based on allegations of fraud and

fraudulent inducement.  Federal Rule of Civil Procedure ("FRCP")  9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  To comply with Rule 9(b), a complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." United States ex rel. Barmak v. Sutter Corp., No. 95 Civ. 7637(KTD), 2003 WL 21436213, at *4 (S.D.N.Y., 2003).  Plaintiff must set forth the "who, what, when, and where" of the alleged fraud. Id.

The primary purposes of Rule 9(b)'s requirement of particularity are: "(1) ensuring that defendants have sufficient notice of plaintiff's claims; (2) discouraging strike suits; and (3) preventing the filing of suits that simply hope to uncover the basis for some previously unspecified wrongdoing." Id. at *6 (citations omitted).  Under Rule 9(b), "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." FRCP 9(b).  Nonetheless, "plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." Lerner v. Fleet Bank N.A., 459 F.3d 273, 290 (2nd Cir. 2006). The inference "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Id. at 290-91 (citation omitted).  See also, Treeline Inv. Partners, LP v. Koren, Slip Copy, 2007 WL 1933860 (S.D.N.Y. 2007).

Failure to plead fraud with particularity subjects a complaint to dismissal, and a dismissal with prejudice "is appropriate under Rule 9(b) where there is a 'good reason' to deny the plaintiff leave to amend, including where it appears that any amendment would be futile." Smith, 2007 WL

2142312, at *7 (citations omitted).[3]

Here, the complaint fails to meet the required level of specificity and does not adequately allege actual "fraudulent" conduct or omissions.

**A.      The allegations of the Amended Complaint actually refute the claim of fraud.**

Plaintiff's fraud claim relies on the allegation that administrators at Dominican College deliberately withheld information from the students regarding an alleged April 2006 sexual assault on campus.  It is short on allegations of fact and is based primarily on conjecture and legal conclusions.  Indeed a plain reading of the factual allegations contained in the Amended Complaint reveals that the College actually did inform students of the April 2006 sexual assault and also provided information to students regarding the potential for sexual assault on campus and how to deal with such situations should it happen.

Paragraph 50 of the Amended Complaint states that the school actually held a meeting for students related to the April 2006 sexual assault.  Leaving aside plaintiff's obvious belief that the meeting was somehow deficient, the fact, as alleged in the Complaint, is that Dominican College actually informed students of the April 2006 assault.  By plaintiff's very own admission in the Complaint, Dominican College did not fail to disclose the assault.  In fact, according to the Complaint, Dominican College affirmatively informed the student body of the assault by scheduling the meeting and providing students with the opportunity to obtain information regarding that assault.

---

[3]  Rule 9(b)'s heightened pleading requirements also reflect "the desire to spare defendants the harm to their reputations attendant to an allegation of fraud absent concrete factual circumstances supporting the allegations." DeCarlo, 937 F.Supp. at 1049-50 (quoting Devaney v. Chester, 709 F.Supp. 1255, 1260 (S.D.N.Y. 1989)).  In addition, Rule 9(b) prevents fraud claims from being used as a pretext for conducting fishing expeditions during discovery. McFarland v. Memorex Corp., 493 F.Supp. 631, 636-37 (N.D. Cal. 1980).

Further, the Amended Complaint details a series of steps taken, and information disseminated to students, both prior to and after Megan's alleged assault, related to informing students about the potential for sexual assault on campus and establishing polices related to student conduct and the handling of sexual assault claims. The factual allegations of the Amended Complaint establish the following: 1) the College code of conduct strictly prohibited the types of behaviors alleged in the complaint, including alcohol consumption on campus and sexual assault, and states that a victim's signed consent is not an absolute defense to claims of sexual assault (Comp. ¶¶36, 39-40)[4]; 2) security cameras were installed to monitor student activities, providing evidence for later prosecutions and acting as a deterrent to crimes (Comp.¶46); 3) Megan Wright was immediately placed in contact with the local police department – the agency responsible for investigating and prosecuting crimes such as that alleged by Ms. Wright (Comp.¶71); 4) the College immediately referred her to a counselor to help her address her psychological and emotional needs (*Id.*); and, 5) the College provided the students with information making it clear that sexual assault was a potential danger on campus and made students aware of available resources (Comp.¶¶32, 42-44, 46-47 and 50). Paragraph 32 of the Amended Complaint specifically states that, "[u]pon arrival, Megan Wright received various publications from Dominican College that <u>warned her of the various security risks posed by living on campus</u> and advised her of the security precautions taken by Dominican College." (Emphasis added).

Consequently, under FRCP 9(b) no fraud can lie as alleged in the Complaint, since the Complaint establishes that there was no fraudulent omission regarding the April 2006 assault or the

---

[4] References are to paragraphs in the plaintiff's Amended Complaint, filed on February 6, 2008.

11

potential for sexual assault on campus in general.  The Sixth Cause of Action must, therefore, be dismissed.

**B.     The alleged Clery Act deficiencies do not provide a basis for a fraud cause of action**

Plaintiff also tries to maintain her fraud claim by alleging that Dominican College's failure to comply with reporting requirements under the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act ("Clery Act") was itself fraudulent, and fraudulently induced Megan to enroll at the College.  However, not only did Dominican College not fail to satisfy the reporting requirements of the Clery Act, but plaintiff is attempting to use her fraud allegations to create a private right of action under the Clery Act, even though the Act specifically bars any such private right of action.

**1.     The Clery Act does not provide plaintiff with a private right of action**

Plaintiff attempts to utilize the alleged failure to comply with the reporting requirements of the Clery Act as a predicate to her fraud claim against Dominican College.  In essence, plaintiff is trying to create a private cause of action under the Clery Act, by claiming that failure to satisfy the Act's reporting requirements supports a claim of fraud.  However, the Act specifically states that nothing in the Act will be construed to confer a private right of action upon any person to enforce the provisions of the Act.  20 U.S.C.§1092(f)(8)(C).  It further states that nothing in the Act "may be construed to: (i) create a cause of action against any institution of higher education or any employee of such institution for any civil liability; or (ii) establish any standard of care." 20 U.S.C. §1092(f)(14)(A) (emphasis added).  Consequently, noncompliance with the Act cannot form the basis of a cause of action against the College defendants.  Yet, this is precisely what plaintiff is

attempting to do.

If non-compliance with the Clery Act is permitted to serve as a basis for an allegation of fraudulent inducement, then the provisions of 20 U.S.C. §§1092(f)(8)(C) and 1092(f)(14) would be circumvented and plaintiffs everywhere would effectively be granted a private cause of action under the Act. This would be directly contrary to the provisions of the Act, which specifically states that it cannot be construed as creating a standard of care and cannot be construed as creating a cause of action against an institution of higher learning or its employees. 20 U.S.C. §1092(f)(14)(A). Plaintiff, therefore, cannot rely on the alleged non-compliance with the Clery Act to support her cause of action. Once the allegations related to the Clery Act are removed from consideration, there remains no other fact or duty alleged in the Complaint, which supports the fraud claim, and plaintiff cannot satisfy the requirements of FRCP 9(b).

### 2.      Dominican College was not in violation of Clery Act reporting requirements

Based on the allegations in the Complaint, Dominican College was not in violation of the Clery Act. Under the Clery Act, institutions such as Dominican College were required to begin publishing and disseminating a campus security report on September 1, 1992 and were required to publish an updated report each year thereafter. 20 U.S.C. §1092(f)(1). The annual report is required to contain statistical data for the two preceding years on the occurrence of various criminal offenses on campus, including sex offenses. *Id.* at §1092(f)(1)(F). Consequently, under the Clery Act, the April 2006 sexual assault was not scheduled to be officially disclosed until September 1, 2006. Thus, Dominican College was under no duty to disclose the April 2006 assault prior to the May 7, 2006 incident, and its alleged failure to disclose the assault prior to Megan's incident cannot possibly

13

provide a basis for a claim of fraud. Though, in fact, we know from paragraph 50 of the Complaint, that the April 2006 assault was disclosed to the campus community, and plaintiff's fraud allegations are, therefore, wholly without basis.

### C.     Plaintiff fails to state a claim for fraudulent inducement

The elements of fraudulent inducement are: (1) a misrepresentation of material existing fact, (2) which is false and known to be false by the defendant when made, (3) for the purpose of inducing plaintiffs' reliance, (4) plaintiffs' justifiable reliance on the alleged misrepresentation or omission and (5) injury. Century 21, Inc. v. F.W. Woolworth Co., 181 A.D.2d 620, 620 (1st Dept 1992).

However, plaintiff's Amended Complaint fails to set forth factual allegations that would support the elements needed to establish a claim for fraudulent inducement. Although there are conclusory allegations that defendants knew that the College's representation of campus safety was false, and that alleged omissions were made for the purpose of inducing plaintiff's reliance and securing her enrollment at the College, the factual allegations of the Amended Complaint do not support these conclusions.

Plaintiff pleads that Megan was fraudulently induced to attend Dominican College and to live on Campus. (Comp. ¶195). However, according to the Amended Complaint, Megan Wright enrolled in Dominican College for the 2005/2006 school year and began living on campus in 2005 after entering into a contract for on campus housing in July 2005. (Comp. ¶¶23-24). Therefore, it is simply not possible for the alleged April 2006 attack to form the basis of any fraudulent inducement to attend Dominican College; a decision that had been made by Ms. Wright approximately eight months prior to the April attack. In any event, as discussed above, the Amended Complaint also alleges that the April 2006 assault was, in fact, disclosed to the student body, and that the College

14

provided the student body, through its handbook and rules and regulations, information regarding the potential for sexual assaults on campus. These factual allegations in the complaint, are wholly incompatible with the conclusory allegations that plaintiff bases the fraud cause of action on.

Once the non-reporting of the April 2006 attack is removed from consideration, plaintiff's fraudulent inducement allegation lacks a specific factual allegation of a fraudulent act on which it can be based (as required by FRCP 9(b)). Further, there are no factual allegations that would support the claim that the defendants had the necessary fraudulent intent. Indeed the factual allegations of the Amended Complaint reveal the opposite; that the defendants disclosed information to the student body about the potential for sexual assault on campus. For these reasons also, the Sixth Cause of Action must be dismissed with prejudice.

**IV.    Plaintiff's Seventh Cause of Action fails to state a claim under 42 USC §1983 for which relief can be granted**

Section 1983 prohibits any person acting under color of state law from violating an individual's federally secured rights. Two questions are immediately presented: 1) was the actor, in this case Dominican College, acting under color of state law; and, 2) was a federally secured right of Megan Wright violated. Back v. Hastings On Hudson Union Free School Dist., 365 F.3d 107, 121 (2d Cir. 2004). The Second Circuit requires, in addition, "personal involvement of defendants in alleged constitutional deprivations." Id. , quoting McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977).

**A.    The Dominican College defendants were not "state actors" for purposes of a claim under 42 U.S.C. §1983**

Paragraph 200 of the Amended Complaint alleges that because Dominican College receives federal funding, it acted "under color of law." Without stating it explicitly, it is implied that

15

defendants O'Brien, Lennon, Prescott and Hicks likewise acted under color of law by way of their association with the College. However, federal funding does not, by itself, transform Dominican College into a state actor for purposes of a violation of 42 U.S.C. §1983. To be a state actor, Dominican's actions would need to be in concert with the State or to have been compelled by the State. See, Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S.Ct. 2764, 2769 (1982)(private college not state actor merely because it receives public funding); Blum v. Yaretsky, 457 U.S. 991, 102 S.Ct. 2777 (1982)(in action alleging violation of 14th Amendment rights to due process, partially state funded nursing homes not state actors with respect to patient transfer decisions where State did not coerce or encourage transfer decisions made by physicians and nursing home administrators). To satisfy §1983's threshold question, it must be shown that the act, or omission, could "fairly be attributed to the State;" that the College stood in the shoes of the state. See. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744 (1982).

Here, no such showing can be made. Dominican's alleged failure to comply with the reporting requirements of the Clery Act were not compelled, or encouraged, or authorized by the State. Dominican College is a private entity and the State is not alleged to have had any involvement in the College's collection and reporting of the statistics required by the Clery Act.

Plaintiff's allegation in paragraph 201, that Dominican College was somehow transformed into a state actor by "collaborating" with the Orangetown Police Department, likewise does not satisfy the requirements for liability under §1983. There are no factual allegations that the Police Department coerced or encourage Dominican College to take some course of action, which would have deprived Megan Wright of a federally protected right. Consequently, any cooperation between Dominican College and the police would be insufficient to transform the College into a state actor.

16

*See,* Blum, *supra.*

### B.    A federally secured "right" of Megan Wright's was not violated

Even if it was determined that somehow the College satisfied the "state actor" test, the "rights" supposedly violated by the Defendant under the Clery Act are not the type of rights actionable under §1983[5].  The Supreme Court has held that nothing short of unambiguously conferred rights will support a cause of action under §1983; it is rights, not the broader or vaguer "benefits" or "interests," that may be enforced under the authority of §1983. Gonzaga University v. Doe, 536 U.S. 273, 279 (2002).  Of most significance on this point, is that the Clery Act specifically states that nothing in the Act will be construed to confer a private right of action upon any person to enforce the provisions of the Act.  20 U.S.C.§1092(f)(8)(C).

In Gonzaga, *supra,*  the Supreme Court affirmed a dismissal of a §1983 claim that had been brought against Gonzaga University on the alleged basis that Gonzaga had failed to comply with provisions of the Family Educational Rights and Privacy Act (FERPA).  The Court held that the provisions of the Act that prohibited federal funding of educational institutions that allowed release of educational records to unauthorized persons did not create a personal right enforceable under §1983.  The Clery Act, though having a different aim, has a similar enforcement mechanism. Initially, the Act only applies to institutions participating in federal financial assistance programs. Schools that fail to comply with its dictates can be fined by the U.S. Department of Education.  In Gonzaga, the Supreme Court stated specifically that it declined to hold that legislation such as FERPA, – which, like the Clery Act, conditions federal funding of educational institutions on

---

[5]  Plaintiff makes no allegation that the College deprived Megan Wright of a Constitutionally protected right in connection with its "collaboration" with the Orangetown Police Department.

compliance with certain actions focused on the whole College Community and not on the needs of

an individual, does not provide a basis for private enforcement, and provides for enforcement only

through the Department of Education – confers any rights enforceable through 42 U.S.C. §1983. *Id.*

at 287-289.

C.    **Plaintiff has not alleged the personal involvement of the defendants in the deprivation of a federally secured right**

A corporation acting under color of state law will only be held liable under § 1983 for its own

unconstitutional policies. Sanders v. Sears, Roebuck & Co., 984 F.2d 972 (8th Cir. 1993); *citing,*

Monell v. Department of Social Servs., 436 U.S. 658, 690, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611

(1978).   Liability can attach only if the College's "policy or custom, whether made by its lawmakers

or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."

Monell, 436 U.S. at 694.   Unless the plaintiff alleges that the College engaged in a "custom" or

"policy" of discrimination, which has not been alleged in this case, the College cannot be held liable.

*Id.*; *see also* Back, 365 F.3d at 128.   There are no allegations that the College's Board of Directors,

or even that the College's President, Sister Mary Eileen O'Brien, had a policy or custom of depriving

students of federally protected rights, which would permit this Court to impose liability.   Indeed,

once again, as discussed above, the factual allegations that are contained in the Amended Complaint

establish that it was Dominican College's custom and policy to provide students with information

regarding the potential for sexual assault on Campus.   And there is not a single allegation that the

plaintiff's decedent was treated in a discriminatory manner by the College or its staff.

Moreover, Dominican College "cannot be held liable under §1983 on a respondeat superior

theory." *Id.* at 691.   In any event, plaintiff does not allege that any of the individual Dominican

defendants, O'Brien, Lennon, Prescott or Hicks, acted in some way to deprive Megan of a federally

18

protected right. Thus, even if permissible, plaintiff could not establish liability against the College on *respondeat superior* grounds. In the final analysis, neither the College nor the individual Dominican defendants are alleged to have been personally involved in a deprivation of a federally secured right. <u>McKinnon</u>, *supra*.

Consequently, neither the College nor the individual Dominican defendants are state actors, and cannot be said to have violated a constitutionally protected right of the plaintiff's decedent. This cause of action must therefore, be dismissed.

**CONCLUSION**

For the reasons detailed above, the Dominican College Defendants respectfully ask this Court to dismiss, pursuant to FRCP 12(b)(6), plaintiff's first, fifth, sixth and seventh causes of action in the Complaint on the basis that plaintiff has failed to state causes of action upon which relief may be granted. Additionally, with respect to plaintiff's sixth cause of action, plaintiff has failed to plead fraud with sufficient particularity and it should be dismissed pursuant to FRCP 9(b).

Dated    New York, New York
         February 8, 2008

Respectfully submitted,

**BIEDERMANN, REIF, HOENIG & RUFF, P.C.**

Philip R. Semprevivo, Jr. (PS-1526)
psemprevivo@brhr.com

Peter W. Beadle (PB-5045)
pbeadle@brhr.com

*Attorneys for Dominican College of Blauvelt,*
*New York, Sister Mary Eileen O'Brien, John*
*Lennon, John Prescott, and Carlysle Hicks*

19

570 Lexington Avenue, 16th Floor
New York, New York 10022
www.brhr.com
(212) 697-6555