Alan Kaminsky (AK-7749)
Karen L. Campbell (KLC-1962)
LEWIS BRISBOIS BISGAARD & SMITH LLP
199 Water Street, Suite 2500
New York, New York 10038
212-232-1300

Attorneys for Defendant
Isaiah Lynch

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CYNTHIA McGRATH, INDIVIDUALLY, AND AS
ADMINISTRATRIX AD PROSEQUENDUM OF THE
ESTATE OF MEGAN K. WRIGHT, DECEASED, AND   Civil Case. No.:  07 CIV 11279
AS GENERAL ADMINISTRATRIX OF THE ESTATE OF   (SCR)(GAY)
MEGAN K. WRIGHT, DECEASED,

                              Plaintiff,   **ANSWER TO AMENDED**
                                            **COMPLAINT**

       -AGAINST-

DOMINICAN COLLEGE OF BLAUVELT, NEW YORK,
SISTER MARY EILEEN O'BRIAN, INDIVIDUALLY   (ECF case)
AND AS PRESIDENT OF DOMINICAN COLLEGE,
JOHN LENNON, INDIVIDUALLY AND AS DIRECTOR
OF SECURITY OF DOMINICAN COLLEGE, JOHN
PRESCOTT, INDIVIDUALLY AND AS DEAN OF
STUDENTS OF DOMINICAN COLLEGE, CARLYLE
HICKS, INDIVIDUALLY AND AS DIRECTOR OF
RESIDENT LIFE OF DOMINICAN COLLEGE,
RICHARD FEGINS, JR., KENNETH A. THORNE, JR.,
ISAIAH LYNCH, AND TERRELL E. HILL,

                            Defendants.
-------------------------------------------------------------------X

       Defendant Isaiah Lynch (hereinafter "Defendant"), by its attorneys, Lewis Brisbois

Bisgaard & Smith, LLP, as and for its Answer to the plaintiff's Amended Complaint, herein

allege upon information and belief as follows:

## PRELIMINARY STATEMENT

1.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Amended Complaint.

2.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Amended Complaint.

3.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Amended Complaint.

4.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint.

5.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

6.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

7.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph "7" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

8.      This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

9.      Defendant denies the allegations contained in paragraph "9" of the Amended Complaint.

## THE PARTIES

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Amended Complaint.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Amended Complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Amended Complaint.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Amended Complaint.

14.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Amended Complaint.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Amended Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Amended Complaint.

17.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Amended Complaint.

18.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Amended Complaint.

19.    Defendant admits Defendant was a student of Dominican College during the 2005/2006 school year.

20.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Amended Complaint.

## VENUE AND JURISDICTION

21.    Paragraph "21" merely sets forth the basis for this Court's jurisdiction and as such no response is required.

22.    Paragraph "22" merely sets forth the basis for venue and as such no response is required.

## FACTS COMMON TO ALL CAUSES OF ACTION

### *Dominican's Code of Conduct and Security Policies*

23.    The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Amended Complaint.

24.    The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Amended Complaint.

25.    The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Amended Complaint.

26.    The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Amended Complaint.

27.    The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Amended Complaint.

28.    The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Amended Complaint.

29.    The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Amended Complaint.

30.    The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Amended Complaint.

31.    The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Amended Complaint.

32.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Amended Complaint.

33.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Amended Complaint.

34.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Amended Complaint.

35.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Amended Complaint.

36.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Amended Complaint.

37.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Amended Complaint.

38.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Amended Complaint.

39.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Amended Complaint.

40.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Amended Complaint.

41.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Amended Complaint.

42.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Amended Complaint.

43.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Amended Complaint.

44.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Amended Complaint.

45.     The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Amended Complaint.

46.    The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Amended Complaint.

47.    The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Amended Complaint.

48.    The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the Amended Complaint.

### *Dominican College's Knowledge of a Reported Prior Sexual Assault*

49.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

50.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Amended Complaint.

51.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Amended Complaint.

52.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Amended Complaint.

53.     This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the Amended Complaint.

### Megan Wright's Sexual Assault

54.     This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies the allegations contained in paragraph "54" of the Amended Complaint.

55.     Defendant denies the allegations contained in paragraph "55" of the Amended Complaint, except admits that Defendant was a student at Dominican College on May 7, 2006.

56.     Defendant denies the allegations contained in paragraph "56" of the Amended Complaint.

57.     Defendant denies the allegations contained in paragraph "57" of the Amended Complaint.

58.     Defendant denies the allegations contained in paragraph "58" of the Amended Complaint.

59.     Defendant denies the allegations contained in paragraph "59" of the Amended Complaint.

60.     Defendant denies the allegations contained in paragraph "60" of the Amended Complaint.

61.     Defendant denies the allegations contained in paragraph "61" of the Amended Complaint.

62.     Defendant denies the allegations contained in paragraph "62" of the Amended Complaint.

63.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

64.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Amended Complaint.

65.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

66.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" of the Amended Complaint.

67.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Amended Complaint.

68.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "68" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

69.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of the Amended Complaint.

### *Dominican College Fails to Respond to*
### *Megan Wright's Complaint in Any Meaningful Way*

70.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

71.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "71" of the Amended Complaint.

72.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" of the Amended Complaint.

73.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "73" of the Amended Complaint.

74.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the Amended Complaint.

75.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies the allegations contained in paragraph "75" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the actions of defendant Prescott.

76.    This allegation is not directed to Defendant and no response is necessary, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "76" of the Amended Complaint.

### *The Criminal Investigation Was Severely Compromised Due to Conflict of Interest*

77.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "77" of the Amended Complaint.

78.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "78" of the Amended Complaint.

79.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "79" of the Amended Complaint.

80.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

81.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Amended Complaint.

82.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

83.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "83" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

84.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "84" of the Amended Complaint.

85.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "85" of the Amended Complaint.

86.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "86" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

87.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the Amended Complaint.

88.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Amended Complaint.

89.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "89" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

90.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

91.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "91" of the Amended Complaint.

### *Dominican College Refuses to Pursue the Matter*

92.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the Amended Complaint.

93.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "93" of the Amended Complaint.

94.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "94" of the Amended Complaint.

95.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "95" of the Amended Complaint.

96.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "96" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

97.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "97" of the Amended Complaint.

98.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "98" of the Amended Complaint.

99.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "99" of the Amended Complaint.

100.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "100" of the Amended Complaint.

101.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "101" of the Amended Complaint, except denies wrongful conduct on the part of Defendant.

102.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "102" of the Amended Complaint, except denies any wrongful conduct on the part of Defendant.

103.    This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "103" of the Amended Complaint.

104. This allegation is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "104" of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

### (*Violation of Title IX against Defendant Dominican College*)

105. Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "104" of the Amended Complaint with the same force and effect as if set forth herein at length.

106. The allegations contained in paragraph "106" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

107. The allegations contained in paragraph "107" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

108. The allegations contained in paragraph "108" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

109. The allegations contained in paragraph "109" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

110. The allegations contained in paragraph "110" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

111. The allegations contained in paragraph "111" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

112. The allegations contained in paragraph "112" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

113.  The allegations contained in paragraph "113" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

114.  The allegations contained in paragraph "114" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

115.  The allegations contained in paragraph "115" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

116.  The allegations contained in paragraph "116" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

117.  The allegations contained in paragraph "117" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

118.  The allegations contained in paragraph "118" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

119.  The allegations contained in paragraph "119" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

120.  The allegations contained in paragraph "120" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

121.  The allegations contained in paragraph "121" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

122.  The allegations contained in paragraph "122" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

123.  The allegations contained in paragraph "123" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

124. The allegations contained in paragraph "124" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

125. The allegations contained in paragraph "125" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

126. The allegations contained in paragraph "126" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

127. The allegations contained in paragraph "127" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

### *(Premises Liability against defendant Dominican College)*

128. Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "127" of the Amended Complaint with the same force and effect as if set forth herein at length.

129. The allegations contained in paragraph "129" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

130. The allegations contained in paragraph "130" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

131. The allegations contained in paragraph "131" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

132. The allegations contained in paragraph "132" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

133. The allegations contained in paragraph "133" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

134.  The allegations contained in paragraph "134" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

135.  The allegations contained in paragraph "135" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

136.  The allegations contained in paragraph "136" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

137.  The allegations contained in paragraph "137" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

138.  The allegations contained in paragraph "138" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

139.  The allegations contained in paragraph "139" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

140.  The allegations contained in paragraph "140" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

141.  The allegations contained in paragraph "141" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

### AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

*(Negligence against defendants Dominican College, O'Brien, Lennon, Prescott and Hicks)*

142.  Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "141" of the Amended Complaint with the same force and effect as if set forth herein at length.

143.  The allegations contained in paragraph "143" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

144.    The allegations contained in paragraph "144" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

145.    The allegations contained in paragraph "145" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

146.    The allegations contained in paragraph "146" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

147.    The allegations contained in paragraph "147" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

148.    The allegations contained in paragraph "148" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

149.    The allegations contained in paragraph "149" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

150.    The allegations contained in paragraph "150" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

151.    The allegations contained in paragraph "151" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

152.    The allegations contained in paragraph "152" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

153.    The allegations contained in paragraph "153" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

154.    The allegations contained in paragraph "154" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

155. The allegations contained in paragraph "155" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

156. The allegations contained in paragraph "156" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

### *(Breach of Contract against defendant Dominican College)*

157. Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "156" of the Amended Complaint with the same force and effect as if set forth herein at length.

158. The allegations contained in paragraph "158" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

159. The allegations contained in paragraph "159" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

160. The allegations contained in paragraph "160" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

161. The allegations contained in paragraph "161" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

162. The allegations contained in paragraph "162" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

163. The allegations contained in paragraph "163" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

164. The allegations contained in paragraph "164" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

165.   The allegations contained in paragraph "165" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

166.   The allegations contained in paragraph "166" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

167.   The allegations contained in paragraph "167" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

168.   The allegations contained in paragraph "168" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

169.   The allegations contained in paragraph "169" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

170.   The allegations contained in paragraph "170" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

171.   The allegations contained in paragraph "171" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

172.   The allegations contained in paragraph "172" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

## AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress against defendant Dominican College, O'Brien, Lennon Prescott and Hicks)

173.   Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "172" of the Amended Complaint with the same force and effect as if set forth herein at length.

174.   The allegations contained in paragraph "174" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

175. The allegations contained in paragraph "175" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

176. The allegations contained in paragraph "176" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

177. The allegations contained in paragraph "177" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

178. The allegations contained in paragraph "178" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

179. The allegations contained in paragraph "179" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

180. The allegations contained in paragraph "180" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

181. The allegations contained in paragraph "181" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

182. The allegations contained in paragraph "182" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

183. The allegations contained in paragraph "183" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

184. The allegations contained in paragraph "184" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

185. The allegations contained in paragraph "185" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

### AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION

*(Fraud against defendants Dominican College, O'Brien, Lennon, Prescott and Hicks)*

186. Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "185" of the Amended Complaint with the same force and effect as if set forth herein at length.

187. The allegations contained in paragraph "187" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

188. The allegations contained in paragraph "188" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

189. The allegations contained in paragraph "189" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

190. The allegations contained in paragraph "190" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

191. The allegations contained in paragraph "191" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

192. The allegations contained in paragraph "192" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

193. The allegations contained in paragraph "193" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

194. The allegations contained in paragraph "194" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

195. The allegations contained in paragraph "195" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

196. The allegations contained in paragraph "196" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

197. The allegations contained in paragraph "197" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

## AS AND FOR A RESPONSE TO THE SEVENTH CAUSE OF ACTION

### (Deprivation of Federally Secured Rights against defendants Dominican College, O'Brien, Lennon, Prescott and Hicks)

198. Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "197" of the Amended Complaint with the same force and effect as if set forth herein at length.

199. The allegations contained in paragraph "199" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

200. The allegations contained in paragraph "200" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

201. The allegations contained in paragraph "201" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

202. The allegations contained in paragraph "202" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

203. The allegations contained in paragraph "203" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

204. The allegations contained in paragraph "204" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

205. The allegations contained in paragraph "205" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

206.  The allegations contained in paragraph "206" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

207.  The allegations contained in paragraph "207" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

### AS AND FOR A RESPONSE TO THE EIGHTH CAUSE OF ACTION

*(Wrongful death against defendants Dominican College, O'Brien, Lennon, Prescott, Hicks Richard Fegins, Jr., Isaiah Lynch, and Kenneth A. Thorne, Jr.)*

208.  Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "207" of the Amended Complaint with the same force and effect as if set forth herein at length.

209.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "209" of the Amended Complaint.

210.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "210" of the Amended Complaint.

211.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "211" of the Amended Complaint.

212.  Defendant denies the allegations contained in paragraph "212" of the Amended Complaint.

213.  Defendant denies the allegations contained in paragraph "213" of the Amended Complaint.

214.  Defendant denies the allegations contained in paragraph "214" of the Amended Complaint.

215. Defendant denies the allegations contained in paragraph "215" of the Amended Complaint.

216. Defendant denies the allegations contained in paragraph "216" of the Amended Complaint.

217. Defendant denies the allegations contained in paragraph "217" of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE NINTH CAUSE OF ACTION

### *(Battery against defendants Fegins, Jr., Isaiah Lynch, and Kenneth A. Thorne, Jr.)*

218. Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "217" of the Amended Complaint with the same force and effect as if set forth herein at length.

219. Defendant denies the allegations contained in paragraph "219" of the Amended Complaint.

220. Defendant denies the allegations contained in paragraph "220" of the Amended Complaint.

221. Defendant denies the allegations contained in paragraph "221" of the Amended Complaint.

222. Defendant denies the allegations contained in paragraph "222" of the Amended Complaint.

223. Defendant denies the allegations contained in paragraph "223" of the Amended Complaint.

224. Defendant denies the allegations contained in paragraph "224" of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE TENTH CAUSE OF ACTION

### *(Battery against Terrell E. Hill)*

225. Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "224" of the Amended Complaint with the same force and effect as if set forth herein at length.

226. The allegations contained in paragraph "226" of the Amended Complaint are not directed to Defendant, and therefore no response is required, except Defendant denies any wrongful conduct on the part of Defendant.

227. The allegations contained in paragraph "227" of the Amended Complaint are not directed to Defendant, and therefore no response is required, except Defendant denies any wrongful conduct on the part of Defendant.

228. The allegations contained in paragraph "228" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

229. The allegations contained in paragraph "229" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

230. The allegations contained in paragraph "230" of the Amended Complaint are not directed to Defendant, and therefore no response is required, except Defendant denies any wrongful conduct on the part of Defendant.

231. The allegations contained in paragraph "231" of the Amended Complaint are not directed to Defendant, and therefore no response is required.

## AS AND FOR A RESPONSE TO THE ELEVENTH CAUSE OF ACTION

### *(Aiding and Abetting a Battery against Richard Fegins, Jr., Isaiah Lynch,  Kenneth A. Thorne, Jr. and Terrell E. Hill)*

232.  Defendant repeats, reiterates  and realleges each and every response to the allegations contained in paragraphs "1" through "231" of the Amended Complaint with the same force and effect as if set forth herein at length.

233.  The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies the allegations contained in paragraph "233" of the Amended Complaint.

234.  The paragraph is not directed to Defendant and as such no response is required, but to the extent a reply is necessary, Defendant denies the allegations contained in paragraph "234" of the Amended Complaint.

235.  Defendant denies the allegations contained in paragraph "235" of the Amended Complaint.

236.  Defendant denies the allegations contained in paragraph "236" of the Amended Complaint.

237.  Defendant denies the allegations contained in paragraph "237" of the Amended Complaint.

238.  Defendant denies the allegations contained in paragraph "238" of the Amended Complaint.

239.  Defendant denies the allegations contained in paragraph "239" of the Amended Complaint.

240. Defendant denies the allegations contained in paragraph "240" of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE TWELFTH CAUSE OF ACTION

*(Assault against Richard Fegins, Jr., Isaiah Lynch,  Kenneth A. Thorne, Jr. and Terrell E. Hill)*

241. Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "240" of the Amended Complaint with the same force and effect as if set forth herein at length.

242. Defendant denies the allegations contained in paragraph "242" of the Amended Complaint.

243. Defendant denies the allegations contained in paragraph "243" of the Amended Complaint.

244. Defendant denies the allegations contained in paragraph "244" of the Amended Complaint.

245. Defendant denies the allegations contained in paragraph "245" of the Amended Complaint.

246. Defendant denies the allegations contained in paragraph "246" of the Amended Complaint.

247. Defendant denies the allegations contained in paragraph "247" of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE THIRTEENTH CAUSE OF ACTION

### *(False Imprisonment against Richard Fegins, Jr., Isaiah Lynch, Kenneth A. Thorne, Jr. and Terrell E. Hill)*

248. Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "247" of the Amended Complaint with the same force and effect as if set forth herein at length.

249. Defendant denies the allegations contained in paragraph "249" of the Amended Complaint.

250. Defendant denies the allegations contained in paragraph "250" of the Amended Complaint.

251. Defendant denies the allegations contained in paragraph "251" of the Amended Complaint.

252. Defendant denies the allegations contained in paragraph "252" of the Amended Complaint.

253. Defendant denies the allegations contained in paragraph "253" of the Amended Complaint.

254. Defendant denies the allegations contained in paragraph "254" of the Amended Complaint.

255. Defendant denies the allegations contained in paragraph "255" of the Amended Complaint.

256. Defendant denies the allegations contained in paragraph "256" of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE FOURTEENTH CAUSE OF ACTION

### *(Intentional Infliction of Emotional Distress against Richard Fegins, Jr., Isaiah Lynch, Kenneth A. Thorne, Jr. and Terrell E. Hill)*

257. Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "256" of the Amended Complaint with the same force and effect as if set forth herein at length.

258. Defendant denies the allegations contained in paragraph "258" of the Amended Complaint.

259. Defendant denies the allegations contained in paragraph "259" of the Amended Complaint.

260. Defendant denies the allegations contained in paragraph "260" of the Amended Complaint.

261. Defendant denies the allegations contained in paragraph "261" of the Amended Complaint.

262. Defendant denies the allegations contained in paragraph "262" of the Amended Complaint.

263. Defendant denies the allegations contained in paragraph "263" of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE FIFTEENTH CAUSE OF ACTION

### *(Conspiracy to commit battery against Richard Fegins, Jr., Isaiah Lynch, Kenneth A. Thorne, Jr. and Terrell E. Hill)*

264. Defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "263" of the Amended Complaint with the same force and effect as if set forth herein at length.

265. Defendant denies the allegations contained in paragraph "265" of the Amended Complaint.

266. Defendant denies the allegations contained in paragraph "266" of the Amended Complaint.

267. Defendant denies the allegations contained in paragraph "267" of the Amended Complaint.

268. Defendant denies the allegations contained in paragraph "268" of the Amended Complaint.

269. Defendant denies the allegations contained in paragraph "269" of the Amended Complaint.

270. Defendant denies the allegations contained in paragraph "270" of the Amended Complaint.

271. Defendant denies the allegations contained in paragraph "271" of the Amended Complaint.

272. Defendant denies the allegations contained in paragraph "272" of the Amended Complaint.

273. Defendant denies the allegations contained in paragraph "273" of the Amended Complaint.

274. Defendant denies the allegations contained in paragraph "274" of the Amended Complaint.

## **Jury Demand**

275. Paragraph "275" merely requests a trial by jury and therefore requires no response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As and for a first and separate affirmative defense, this answering defendant alleges that the Amended Complaint fails to state any claim against this defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As and for a second and separate affirmative defense, this answering defendant alleges that if plaintiff is entitled to any recovery, which this answering defendant denies, such recovery must be reduced by the amount attributable to the failure of plaintiff to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

As and for a third and separate affirmative defense, this answering defendant alleges that his actions and/or omissions were not the cause of any of plaintiff's injuries, if any.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth and separate affirmative defense, this answering defendant alleges that plaintiff has not alleged and cannot prove any facts showing that the conduct of defendant was the proximate cause of any damages suffered as alleged in the Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

As and for a fifth and separate affirmative defense, this answering defendant alleges that the allegations which plaintiff sets forth in the Amended Complaint, which this answering defendant denies, were not a substantial factor in bringing about the alleged injury or injuries, and, therefore, were not contributing causes, or were succeeded by culpable conduct by the decedent or one or more third parties, whether named or unnamed in the Amended Complaint,

whose misconduct was an independent, intervening, sole, and proximate cause of any alleged injury or injuries, damage or damages, if any, suffered by the decedent.

### SIXTH AFFIRMATIVE DEFENSE

As and for a sixth and separate affirmative defense, this answering defendant alleges that the injuries that plaintiff alleges to have sustained were caused entirely or in part through the culpable conduct of the decedent, including but not limited to the decedent's own intentional conduct, negligence, recklessness, carelessness, lack of due care, or unlawful conduct, without any negligence or willful conduct on the part of this answering defendant, and the defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiff in the proportion which the culpable conduct, attributable to the decedent, bears to the entire measure of responsibility for the occurrence.

### SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh and separate affirmative defense, this answering defendant alleges that plaintiff's claims for damages are barred to the extent the decedent invited, consented to and/or voluntarily participated in any and all claimed physical contact with her person.

### EIGHTH AFFIRMATIVE DEFENSE

As and for an eighth and separate affirmative defense, this answering defendant alleges that plaintiff's and/or decedent's injuries, as alleged herein, pre-existed the events at issue in this matter, thereby limiting recovery.

### NINTH AFFIRMATIVE DEFENSE

As and for a ninth and separate affirmative defense, this answering defendant alleges that any and all conduct attributable to this answering defendant may not be deemed discriminatory,

intolerable, malicious, in bad faith, in reckless disregard of plaintiff or the decedent's rights, or in any way contradictory to either state or federal law.

### TENTH AFFIRMATIVE DEFENSE

As and for a tenth and separate affirmative defense, this answering defendant alleges that any and all claims based either in whole or in part upon after acquired and/or otherwise inadmissible evidence are hereby barred.

### ELEVENTH AFFIRMATIVE DEFENSE

As and for an eleventh and separate affirmative defense, this answering defendant alleges that if any damages were sustained by plaintiff, the damages were proximately caused by the acts and/or omissions of third parties over whom this answering defendant exercised no control and for whose acts this answering defendant is not responsible.

### TWELFTH AFFIRMATIVE DEFENSE

As and for a twelfth and separate affirmative defense, this answering defendant alleges that at the time and place of the matters alleged in the Amended Complaint, plaintiff and/or the decedent knew well the risks, hazards, and dangers necessarily incident thereto, and that if plaintiff has suffered any injuries or is entitled to any damages as alleged in the Amended Complaint, said injuries and damages arose from, and were caused by, said risks, hazards, and dangers, knowingly and voluntarily assumed by the plaintiff and/or the decedent.

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth and separate affirmative defense, this answering defendant alleges that at no time relevant to the Amended Complaint was the decedent confined against her will to a bounded area and at no time did this answering defendant authorize, encourage, assist or participate in the alleged confinement of the decedent.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for a fourteenth and separate affirmative defense, this answering defendant alleges that defendant's conduct, if any, with regard to the decedent was in good faith.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth and separate affirmative defense, this answering defendant alleges that plaintiff is estopped by decedent's own conduct from asserting any and all claims she may have or had against this answering defendant arising from the transactions and occurrences set forth in the Amended Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for a sixteenth and separate affirmative defense, this answering defendant alleges that any and all claims are barred, in whole or in part, based upon the doctrines of estoppel, waiver, laches and/or unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As and for a seventeenth and separate affirmative defense, this answering defendant alleges that any and all medical expenses incurred by the plaintiff and/or decent, any and all claims, lost wages, and any and all economic losses, if any, have been and will be paid to the plaintiff by a collateral source, and as such, this answering defendant, as a matter of law, is not required to indemnify the plaintiff, and consequently the plaintiff's claims are extinguished or diminished.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for a eighteenth and separate affirmative defense, this answering defendant alleges that he is entitled to indemnity and contribution from other parties and/or co-defendants

in this action, and that such indemnity would offset or eliminate any liability of this answering defendant, which liability defendant expressly denies.

### NINETEENTH AFFIRMATIVE DEFENSE

As and for a nineteenth and separate affirmative defense, this answering defendant alleges that plaintiff has failed to bring this action in a timely manner and has otherwise failed to maintain this action within the statute of limitations period.

### TWENTIETH AFFIRMATIVE DEFENSE

As and for a twentieth and separate affirmative defense, this answering defendant alleges that the facts as set forth in the Complaint herein fail to legally support a claim for punitive damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for a twenty-first and separate affirmative defense, this answering defendant alleges that the claim for punitive or exemplary damages is barred by the prescription of New York State Human Rights Act; Article I, Section 5 of the New York State Constitution, prohibiting the imposition of excessive fines, and the Due Process Clause of the 5th and 14th Amendments of the United States Constitution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for a twenty-second and separate affirmative defense, this answering defendant alleges that plaintiff is barred from recovering any special damages herein for failure to specifically allege the items of special damages claimed.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for a twenty-third and separate affirmative defense, this answering defendant asserts that plaintiff has failed to join an indispensable party or parties.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for a twenty-fourth and separate affirmative defense, this answering defendant alleges that pursuant to CPLR Article 16, if it is determined by verdict or decision that two or more torteasors are jointly liable to plaintiff, and if the liability of answering defendant is found to be fifty percent or less of the total liability assigned to all person liable, the liability of such defendant to claimant for non-economic loss shall not exceed this defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As and for a twenty-fifth and separate affirmative defense, this answering defendant alleges that this Court lacks personal jurisdiction over this answering defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As and for a twenty-sixth and separate affirmative defense, this answering defendant alleges that this Court lacks jurisdiction to consider the plaintiff's claim.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As and for a twenty-seventh and separate affirmative defense, this answering defendant alleges that investigation and discovery is ongoing and continuing and defendant reserves the right to amend or modify his Answer and affirmative defenses and to add additional affirmative defenses.

**WHEREFORE**, Defendant prays for judgment as follows:

(a)   That plaintiffs take nothing by way of their Amended Complaint and that each cause of action against Defendant be dismissed;

(b)   For attorney's fees, costs and disbursements;

(c)  For costs of suit incurred herein; and

(d)  For such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        February 22, 2008

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By:  _____
     Alan Kaminsky, Esq. (AK-7749)
     Karen L. Campbell, Esq. (KLC-1962)
     *Attorneys for Defendant*
     Isaiah Lynch
     199 Water Street, Suite 2500
     New York, New York 10038
     (212) 232-1300

TO:

Andrew L. Morrison (AM-1071)
Sarah  P. Kenney (SK-5642)
KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
*Attorneys for Plaintiff*
599 Lexington Avenue
New York, New York 10022
(212) 536-3900

Philip C. Semprevivo, Jr., Esq.
BIEDERMANN, REIF, HOENIG & RUFF, P.C.
*Attorneys for Defendants*
Dominican College of Blauvelt, Carlyle Hicks, John Lennon,
John Prescott and Sister Mary Eileen O'Brien
570 Lexington Avenue
New York, New York 10022
(212) 697-6555

Kenneth John Murphy, Esq.
SAMIMI & MURPHY
*Attorneys for Defendant*
Richard Fegins, Jr.
616 South Main Street
New City, New York 10956

(718) 584-5003

Richard David Willstatter, Esq.
GREEN & WILLSTATTER
*Attorneys for Defendant*
Kenneth A. Thorne, Jr.
200 Mamaroneck Avenue, Suite 605
White Plains, New York 10601

Terrell E. Hill
*Defendant*
32 Halgren Crescent
Haverstraw, New York 10927

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                        ) ss:
COUNTY OF NEW YORK  )

      Toni A. Serrant, being duly sworn, deposes and says:

      I am not a party to this action, am over 18 years of age and I reside in the State of New York, County of Kings.

      That on the 22nd day of **February, 2008**, I served a true copy of the annexed **ANSWER TO AMENDED COMPLAINT** upon the following:

> Andrew L. Morrison (AM-1071)
> Sarah P. Kenney (SK-5642)
> KIRKPATRICK & LOCKHART PRESTON
> GATES ELLIS LLP
> *Attorneys for Plaintiff*
> 599 Lexington Avenue
> New York, New York 10022
>
> Philip C. Semprevivo, Jr., Esq.
> BIEDERMANN, REIF, HOENIG & RUFF, P.C.
> *Attorneys for Defendants*
> Dominican College of Blauvelt, Carlyle Hicks, John Lennon,
> John Prescott and Sister Mary Eileen O'Brien
> 570 Lexington Avenue
> New York, New York 10022
> (212) 697-6555
>
> Kenneth John Murphy, Esq.
> SAMIMI & MURPHY
> *Attorneys for Defendant*
> Richard Fegins, Jr.
> 616 South Main Street
> New City, New York 10956
> (718) 584-5003
>
> Richard David Willstatter, Esq.
> GREEN & WILLSTATTER
> *Attorneys for Defendant*
> Kenneth A. Thorne, Jr.
> 200 Mamaroneck Avenue, Suite 605
> White Plains, New York 10601
>
> Terrell E. Hill

4852-0896-9474.1

43

*Defendant*
32 Halgren Crescent
Haverstraw, New York 10927

by mailing same in a sealed envelope, via *U.S. Mail* within the State of New York.

_____
TONI A. SERRANT

Sworn to me on this 22nd
day of February, 2008.

_____
-Notary Public-

SHADENA MORANT-DANIELS
Notary Public, State of New York
No. 24-4986342
Qualified in Kings County
Commission Expires Sept. 9, 2009