UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CYNTHIA MCGRATH, Individually and as
Administratrix ad Prosequendum of the Estate of
MEGAN WRIGHT,

                        Plaintiff,

   -against-

DOMINICAN COLLEGE OF BLAUVELT, NEW
YORK, SISTER MARY EILEEN O'BRIEN,
Individually and as President of Dominican College,
JOHN LENNON, Individually and as Director of
Security of Dominican College, JOHN PRESCOTT,
Individually and as Dean of Students of Dominican
College, CARLYSLE HICKS, Individually and as
Director of Resident Life of Dominican College,
RICHARD FEGINS, JR., KENNETH A. THORNE,
JR., ISAIAH LYNCH, and TERRELL E. HILL,

                        Defendants.

CIVIL CASE NO.: 07-CV-11279

---

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
DOMINICAN COLLEGE OF BLAUVELT, NEW YORK, SISTER MARY EILEEN O'BRIEN,
JOHN LENNON, JOHN PRESCOTT, and CARLYLE HICKS' MOTION FOR PARTIAL
DISMISSAL OF THE AMENDED COMPLAINT PURSUANT TO FRCP 9(b) and 12(B)(6)

**BIEDERMANN, REIF, HOENIG & RUFF, P.C.**
*Attorneys for Dominican College of
Blauvelt, New York, Sister Mary Eileen
O'Brien, John Lennon, John Prescott, and
Carlysle Hicks*
570 Lexington Avenue, 16th Floor
New York, New York 10022
www.brhr.com
(212) 697-6555

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................... 1

ARGUMENT ................................................................. 1

    I.    Title IX ........................................................ 1

    II.   42 U.S.C. §1983 ................................................. 4

        A.    Dominican College is not a State Actor ................... 4

        B.    The College did not deprive Megan Wright of Federally Secured Rights ................................................. 6

            1.    The Amended Complaint does not allege the violation of a constitutionally protected right ........................... 6

            2.    The College is not liable for the actions of the individual defendants ................................................... 6

        C.    The Individual Dominican College Defendants are not liable under §1983 ........................................................... 7

            1.    The individual defendants are not liable in their official capacity ..................................................... 7

            2.    The individual defendants are not liable in their individual capacity ..................................................... 7

    III    Fraud ........................................................... 8

    IV    Intentional Infliction of Emotional Distress ................... 10

Conclusion .............................................................. 10

# TABLE OF AUTHORITIES

## CASES

Adler v. South Orangetown Central School Dist., Slip Copy, 2008 WL 190585 (SDNY, 2008) .................................................................... 7

Aurelia Davis v. Monroe County Board of Education, 526 U.S. 629 (1999) ............... 2

Coakley v. Jaffe, 49 F. Supp.2d 615 (S.D.N.Y. 1999) ........................... 5

Daniels v. City of Binghamton, 1998 WL 357336 (N.D.N.Y. 1998) ................ 6

Fitzgerald v. Barnstable School Committee, et al, 504 F.3d 165, 171 (1st Cir., 2007) ......... 2

Friedman v. New York City Admin. for Children's Servs. et al., 2005 WL 2436219 ......... 5

Gebser v. Lago Vista Independent School District, 524 U.S. 274 (1998) ................ 1

Hafer v. Melo, 502 U.S. 21, 25 (1991)(citing Monell v. Dep't of Social Servs., 436 U.S. 658, 690 n.55 (1978)) ...................................................... 7

Howell v. New York Post Co., Inc., 81 N.Y.2d 115, 121 (1993) .................... 10

Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744 (1982) ................ 4

McKinney v. Bellevue Hosp., 183 A.D.2d 563 (1st Dept. 1992) ..................... 9

McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977) ......................... 8

Monell v. Dep't of Social Servs., 436 U.S. 658, 694 n.55 (1978) .................... 7

Murrell v. Sch.Dist.No. 1, Denver, Colo., 186 F.3d 1238 (10th Cir. 1999) ............... 3

P.T. Bank Central Asia, 301 A.D.2d 373 ...................................... 9

Porto v. Town of Tewksbury, 488 F.3d 67, 72-73 (1st Cir.2007) ..................... 2

Sanders v. Sears, Roebuck & Co., 984 F.2d 972 (8th Cir. 1993) ..................... 7

United States ex rel. Barmak v. Sutter Corp., No. 95 Civ. 7637(KTD), 2003 WL 21436213, at *4

(S.D.N.Y., 2003) ................................................. 8

Williams v. Board of Regents of the University System of Georgia, 477 F.3d 1282 (11th Cir. 2007) ................................................. 2

## FEDERAL RULES

FRCP 9(b) ................................................. 15

Federal Rule of Civil Procedure 12(b)(6) ................................................. 10

Federal Rule of Civil Procedure 9(b) ................................................. 8

## FEDERAL STATUTES

42 U.S.C. §1983 ................................................. 4, 6-8

Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act, 20 U.S.C.§1092 ("Clery Act") ................................................. 5

Title IX, 20 U.S.C. §§ 1681–1688 ................................................. 1

## STATE RULES

New York Civil Procedure Laws and Rules §3016(b) ................................................. 9

PRELIMINARY STATEMENT

This memorandum is filed in reply to plaintiff's opposition to, and in further support of, Dominican College's, Sister Mary Eileen O'Brien's, John Lennon's, John Prescott's, and Carlyle Hick's motion for partial dismissal of the amended complaint pursuant to FRCP 9(b) and 12(B)(6), dismissing dismiss plaintiff's Title IX, 42 USC §1983, fraud, and intentional infliction of emotional distress claims. Under no reasonable interpretation of the factual allegations contained in the Amended Complaint can it be held that plaintiff has shown that the Dominican College defendants acted with deliberate indifference towards Megan Wright's complaint, violated her civil rights, fraudulently induced her to enroll in the College, or intentionally acted to cause her emotional distress. Accordingly, these causes of action must be stricken from the Amended Complaint.

ARGUMENT

I.   Title IX

Plaintiff claims that her Title IX cause of action in the Amended Complaint is based only on the contention that the Dominican College Defendants were deliberately indifferent to Megan Wright's complaints after the attack occurred. Though we disagree that this is how the Cause of Action has been framed in the Amended Complaint, even if this interpretation of what has been plead was accepted, the factual allegations, as opposed to the legal conclusions, contained in the Amended Complaint fail to support the Plaintiff's claim.

First, Plaintiff misapplies Gebser v. Lago Vista Independent School District, 524 U.S. 274 (1998). In that case, the Supreme Court specifically held that a school cannot be held liable for a sexual assault without first having actual notice that the alleged harassment was occurring. Plaintiff effectively concedes in her brief and in the Amended Complaint, that the Dominican College defendants had no notice of the alleged assault until after Megan Wright reported it to John Prescott.

1

Further, there is not a single factual allegation in the Amended Complaint that Megan Wright was the victim of sexual harassment **after** she informed the College that something had happened. This action is directly parallel to the scenario presented in Gebser, and calls for a similar outcome.

Further, Plaintiff completely ignores the Supreme Court's holding in Aurelia Davis v. Monroe County Board of Education, 526 U.S. 629 (1999), and other holdings cited in the original moving papers. She also fails to show that "the institution's deliberate indifference caused [Megan Wright] to be subjected to harassment." Fitzgerald v. Barnstable School Committee, et al, 504 F.3d 165, 171 (1st Cir., 2007), citing, Porto v. Town of Tewksbury, 488 F.3d 67, 72-73 (1st Cir.2007).

In Fitzgerald, the First Circuit, citing the Supreme Court's decision in Davis went on to explain that:

> Title IX does not make an educational institution the insurer either of a student's safety or of a parent's peace of mind. Understandably, then, "deliberate indifference" requires more than a showing that the institution's response to harassment was less than ideal. In this context, the term requires a showing that the institution's response was "clearly unreasonable in light of the known circumstances." *Davis,* 526 U.S. at 648, 119 S.Ct. 1661. Relatedly, to "subject" a student to harassment, the institution's deliberate indifference must, at a minimum, have caused the student to undergo harassment, made her more vulnerable to it, or made her more likely to experience it. *See id.* at 645, 119 S.Ct. 1661.

Thus to create liability under Title IX, plaintiff has to show not only that the Dominican College defendants were deliberately indifferent to sexual harassment that they had actual knowledge of, but also that the College's deliberate indifference subjected Megan Wright to harassment. However, the Amended Complaint actually shows that none of these requirements have been met here.

It is significant that every case cited by Plaintiff contains far different fact scenarios than what is presented in the Amended Complaint. For example, Plaintiff relies heavily on Williams v. Board

of Regents of the University System of Georgia, 477 F.3d 1282 (11th Cir. 2007). In that case, the University recruited a student athlete who subsequently committed a sexual assault on another student at the University. The complaint in that matter alleged that the University knew when it recruited the assailant that he had disciplinary and criminal problems, particularly those involving harassment of women. Id. at 1290. It was also alleged that other student athletes had suggested to coaches that they needed to inform student athletes about the University's sexual harassment policy. Id. The Eleventh Circuit specifically distinguished that fact pattern from the scenarios presented in Davis and Gebser. It acknowledged that in those cases, where no Title IX violation was found, the defendants had no notice of the potential for harassment, let alone the harassment itself, until after the incident was reported. In Williams, however, it was alleged that the University knew in advance of the assault that the assailant had the potential to sexually harass female students, but took no action to prevent that from happening.

Similarly in Murrell v. Sch.Dist.No. 1, Denver, Colo., 186 F.3d 1238 (10th Cir. 1999), plaintiff alleged that teachers had actual knowledge of the alleged harasser's conduct towards a female student from almost the moment it began to occur, and not only refused to remedy the harassment but actively participated in concealing it.

The instant matter is analogous to the Gebser and Davis line of cases, not to Williams, Murrell, or the other cases and Department of Education decisions[1] cited by plaintiff. In this matter

---

[1] In the first DOE matter, involving Academy School District #20 (Exhibit A to plaintiff's Compendium of Unreported Cases), no finding was made that the School had violated Title IX, merely that it had not complied with regulations related to establishment of grievance procedures (which is not actionable in the context of a civil lawsuit. Gebser, *supra* at 291-292). Moreover, the matter involved allegations of sexual harassment spanning over an almost full school year and claims that school officials had been informed of said harassment prior to an alleged sexual assault, but had ignored the complaints. The second matter relating to Millis Public School (Exhibit E to the Compendium of Unreported Cases), involved claims that six

the allegations actually establish that the Dominican College defendants had no prior notice that Megan Wright faced sexual harassment from anyone; that when she first reported the incident she was unable to identify who had assaulted her, or even whether an assault had happened; that there were no claims of ongoing harassment; and, that Dominican College's alleged failure to fully investigate the claim did not subject her to further harassment.

This is starkly different from the patterns of actual knowledge of harassment and cover ups found in the line of cases favored by Plaintiff. It is the very absence of similar allegations in the instant action that so clearly establishes that plaintiff has failed to plead a cause of action under Title IX for which relief may be granted.

## II.     42 U.S.C. §1983

### A.     Dominican College is not a State Actor

A private actor, such as Dominican College, can be found to be a state actor only where its actions can "fairly be attributed to the State;" in other words, that the College stood in the shoes of the state. *See*, Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744 (1982). Here, no action, decision, ruling or power of the state was given to the College. The College was not assigned or directed by the state to carry out some action, which violated a substantive right of Megan Wright.

Additionally, the Amended Complaint contains factual allegations that tend to disprove the claims of the Plaintiff. The Amended Complaint establishes that not only did the Orangetown Police Department investigate the claims, but the investigators of the Rockland County District Attorney's office also interviewed Megan and conducted their own investigation, (Amd.Compl. ¶88), belying

---

female students of the school were all victims of sexual harassment by the same male student between 1992 and 1993, and that repeated reports to school officials, including the principal were ignored or flatly rejected.

4

the claim in the opposition brief that the matter was swept "under the rug."

Further, the cases cited by Plaintiff do not support her analysis. In <u>Friedman v. New York City Admin. for Children's Servs. et al.</u>, 2005 WL 2436219, defendant Cohen was a private doctor who provided official written reports to ACS claiming that the plaintiff was abusing his children. Based on those reports, which turned out to be false, ACS removed the plaintiff's children from his custody. The Court reasoned that as the defendant willfully provided false information in support of a state action, he could not, at that juncture, avoid the imprimatur of being a state actor. Likewise, in <u>Coakley v. Jaffe</u>, 49 F. Supp.2d 615 (S.D.N.Y. 1999), another case cited by Plaintiff, the defendants, all private persons, manipulated evidence presented to a county assistant district attorney, leading to the arrest and prosecution of the plaintiffs. Again, as the private actors' willfully joined with a state actor to deprive another person of their rights, it was held that they could not escape being labeled as acting under color of law.

In <u>Friedman</u>, <u>Coakley</u>, and the other cases cited by plaintiff, the challenged action, was an action taken by the state, in which private actors jointly participated. Here the converse is true. The challenged action is an action taken by the College, in which the state <u>did not</u> jointly participate. The Amended Complaint contends that the rights of Megan Wright violated in contravention of 42 U.S.C. §1983 arose from the Clery Act; legislation that imposes certain duties on Dominican College, not on the Police Department. Perhaps most importantly, there is no allegation in the Amended Complaint that the Police violated Megan's rights.[2] Consequently, it cannot be found that the College acted jointly with the state, and the College cannot be considered a state actor.

---

[2] Indeed, if Plaintiff's interpretation was to be accepted, it would beg the question as to why Plaintiff has not joined the Police Department as a defendant in this case. And Plaintiff not having done so, in a matter where there are nine named defendants, strongly suggests that Plaintiff is satisfied that the police did not sweep anything "under the rug."

5

### B. The College did not deprive Megan Wright of Federally Secured Rights

#### 1. The Amended Complaint does not allege the violation of a constitutionally protected right

In her brief, Plaintiff alludes to a violation of Megan Wright's equal protection rights, however, the Seventh Cause of Action to the Amended Complaint is quite clear that the **only** basis for the claim is violation of rights allegedly afforded under the Clery Act. Megan's equal protection rights are never mentioned in the Amended Complaint, and in fact, there exists not a single allegation in the Amended Complaint that either the College or the Orangetown Police Department violated Megan Wright's equal protection rights.

It is assumed that by ignoring the argument in the original motion papers that the Clery Act confers no substantive protected rights Plaintiff concedes the truth of the matter. As the only §1983 claims alleged in the Amended Complaint relate specifically to the Clery Act, the claim has to be dismissed.

In any event, Plaintiff's bald assertion in her brief that Megan Wright's equal protection rights were violated is without merit and would not support a cause of action under §1983. First, the very cases cited by plaintiff, particularly Daniels v. City of Binghamton, 1998 WL 357336 (N.D.N.Y. 1998), establish that "there is no constitutional right to an investigation *per se*..." *Id.* at *5. Further, to succeed on an equal protection claim arising out of a Police failure to investigate, plaintiff would need to allege that the Police selectively denied protective services or selectively refused to investigate a complaint based on some discriminatory intent. *Id.* Here, there exist no such allegations.

#### 2. The College is not liable for the actions of the individual defendants

Plaintiff misconstrues the argument made in the original moving papers. To the extent

Dominican College is a "person" for purposes of a §1983 claim analysis, a claim against the College will only succeed if Plaintiff establishes that the College itself was "personally involved" in the actions that allegedly denied Megan Wright some constitutionally protected right. Liability can attach only if the College's "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Social Servs., 436 U.S. 658, 694 n.55 (1978). There exist no allegations that Dominican College (or for that matter any of the individual Dominican College Defendants) engaged in a "custom" or "policy" of discrimination, and so it cannot be held liable. The allegations against the individual Dominican College Defendants are inadequate to create liability on the part of the College itself. See, Sanders v. Sears, Roebuck & Co., 984 F.2d 972 (8th Cir. 1993).

### C. The Individual Dominican College Defendants are not liable under §1983

#### 1. The individual defendants are not liable in their official capacity

"When an official is sued in his or her *official* capacity, however, a court is to treat that claim as it would treat a claim against the municipality itself. Thus a court must find a policy or custom, pursuant to *Monell*, to hold the official liable." Adler v. South Orangetown Central School Dist., Slip Copy, 2008 WL 190585 (SDNY, 2008); *citing*, Hafer v. Melo, 502 U.S. 21, 25 (1991)(citing Monell v. Dep't of Social Servs., 436 U.S. 658, 690 n.55 (1978)).

An analogous scenario is presented here. There is no allegation, let alone factual support in the Amended Complaint, that Dominican College had a custom or policy of failing to investigate student complaints, or in some other way deny students constitutionally protected rights. Consequently, the individual Dominican College Defendants cannot be found liable in their official capacities.

#### 2. The individual defendants are not liable in their individual capacity

The Second Circuit holds that an individual can be held liable under §1983 only where "personal involvement of defendants in alleged constitutional deprivations." *Id.*, quoting McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977). Here, a review of Paragraphs 198 through 206 of the Seventh Cause of Action, finds no instance where it is alleged that one of the individual Dominican College Defendants were personally involved in the deprivation of a constitutionally protected right. Only in the last paragraph of the Cause of Action, Paragraph 207, are the individual Dominican College Defendants identified, and then only in a conclusory non-factual allegation that they acted with malice. Even that Paragraph does not allege that any of them violated a constitutionally protected right.

### III    Fraud

There is not a single allegation in the Amended Complaint that Megan Wright relied upon a specific fraudulent statement to her detriment. Plaintiff repeatedly focuses on the alleged failure of Dominican College officials to disclose a sexual assault that occurred on campus in April 2006. The crux of Plaintiff's fraud claim is that Megan Wright was somehow fraudulently induce to enroll in the College. However, Megan Wright, as alleged in the Amended Complaint, signed a housing contract, and was enrolled in the College as of July 2005, so the April 2006 incident is wholly and completely irrelevant. Moreover, there are no allegations in the Amended Complaint that the Dominican College defendants engaged in some type of fraudulent conduct prior to July 2005.

Moreover, Plaintiff completely ignores the requirements of FRCP 9(b), never once addressing it in her opposition papers. The Rule requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiff must set forth the "who, what, when, and where" of the alleged fraud. United States ex rel. Barmak v. Sutter

Corp., No. 95 Civ. 7637(KTD), 2003 WL 21436213, at *4 (S.D.N.Y., 2003). CPLR 3016(b) likewise requires that in all claims alleging fraud, the circumstance allegedly constituting fraud must be stated in detail. Even under a very liberal reading of the Sixth Cause of Action, the sweeping, all inclusive, conclusory, yet vague averments of the Amended Complaint, which at a minimum do not even establish the timing of the fraud (an essential element in a fraudulent inducement claim), or the timing of the allege prior attacks, do not satisfy either state or federal pleading requirements.

The cases cited by plaintiff are not inapposite and do more to highlight what is missing from the cause of action than to support the plaintiff's claims. In P.T. Bank Central Asia, 301 A.D.2d 373 the allegations in the complaint were significantly more detailed than what is alleged here, and provided sufficient particulars as to the timing of the alleged fraud and the specific affirmative acts of the defendant in that case, that constituted fraud.

As for McKinney v. Bellevue Hosp., 183 A.D.2d 563 (1st Dept. 1992), Plaintiff completely and totally misrepresents the nature of the case. McKinney, was a medical negligence case, not an action for fraud. Further the First Department actually acknowledged that "[o]ur law generally does not impose a duty to make disclosure, requiring some affirmative misrepresentation before imposing liability." Id. at 565 (emphasis added)[3].

Finally, Plaintiff's opposition ignores the numerous factual statements in the Amended Complaint regarding specific actions and warnings by Dominican College, which flatly contradict the claim of fraud.

---

[3] Further, the decision is constrained by its specific facts involving the failure to disclose a serious medical condition to the plaintiff, and the plaintiff's reliance on that non-disclosure to believe he was perfectly healthy. In that specific circumstance the Court found a duty existed to disclose the condition to the plaintiff. The case cannot be read as creating a general affirmative duty to disclose information. Indeed the Court noted the opposite is generally true.

## IV   Intentional Infliction of Emotional Distress

Plaintiff is right that none of the cases cited in the original moving papers involves facts similar to those alleged in this action. Each of those cases instead involved facts, which demonstrated far more severe and outrageous conduct, than what has been alleged here, and even in those cases, the IIED causes of action were dismissed, because even then, the claims did not reach the requisite threshold.

Taking the allegations in the instant Amended Complaint at face value, the Amended Complaint alleges no more than that Megan Wright's complaint was not investigated thoroughly. She was not the subject of racial epithets, ethnic slurs or sexually degrading comments. She was not badgered by the Dominican College defendants or harassed for having filed her complaint in the first place. She was never insulted or caused to suffer any indignities by the Dominican College defendants.

Plaintiff offers the Court no explanation in her opposition papers how a refusal to investigate allegations of a gang rape and directing the student to a police detective who was also a school employee, rises to the level of "outrageous conduct that exceeds the bounds of human decency tolerable in civilized society." *See*, Howell v. New York Post Co., Inc., 81 N.Y.2d 115, 121 (1993).

For these reasons, the Fifth Cause of Action must be dismissed.

### CONCLUSION

For the reasons detailed above, and in the original Memorandum of Law filed in support of the motion, the Dominican College Defendants respectfully ask this Court to dismiss, pursuant to FRCP 12(b)(6), plaintiff's first, fifth, sixth and seventh causes of action in the Complaint on the basis that plaintiff has failed to state causes of action upon which relief may be granted.

Dated  New York, New York
      April 10, 2008

                    Respectfully submitted,

                    **BIEDERMANN, REIF, HOENIG & RUFF, P.C.**

                    Philip C. Semprevivo, Jr. (PS-1526)
                    psemprevivo@brhr.com

                    Peter W. Beadle (PB 5045)
                    pbeadle@brhr.com

                    *Attorneys for Dominican College of Blauvelt,*
                    *New York, Sister Mary Eileen O'Brien, John*
                    *Lennon, John Prescott, and Carlysle Hicks*
                    570 Lexington Avenue, 16th Floor
                    New York, New York 10022
                    www.brhr.com
                    (212) 697-6555